C. A. HUTTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21615.   Promulgated October 28, 1930.

*Lloyd W. Dinkelspiel, Esq.*, for the petitioner.
*R. W. Wilson, Esq.*, for the respondent.

OPINION.

Murdock: The petitioner waived one allegation of error, and the parties stipulated that an adjustment should be made in regard to the inventory on December 31, 1920. In the recomputation under Rule 50 this agreed adjustment shall be given effect.

Section 602 of the Revenue Act of 1928 amended Title IX of the Revenue Act of 1924, as amended, by adding to the end thereof two new sections under the heading "Transferee Proceedings." The first section is as follows:

Sec. 912. In proceedings before the Board the burden of proof shall be upon the Commissioner to show that a petitioner is liable as a transferee of property of a taxpayer, but not to show that the taxpayer was liable for the tax.

The usual rule of evidence which applies where the burden of proof is placed upon one party litigant is that if he makes a prima facie case he wins unless his opponent shall answer or rebut such prima facie case. In other words, once a prima facie case is made out, the obligation of going further then rests upon the other party. Jones on Evidence, Civil Cases, 3d Ed., ch. 6. There is no reason why a different rule should apply here. There are sufficient facts in the record to establish prima facie that the petitioner is liable as a transferee of property of a taxpayer. The petitioner was the sole stockholder of C. A. Hutton Flour Co., and as such received $72,000 in the liquidation of that company after it had realized on all of its sound assets, and after some of the largest creditors of the company had accepted in payment of their accounts some of the bills receivable of the flour company bearing the petitioner's personal endorsement and guarantee. If the case had stopped at this point, the respondent would be entitled to judgment. An obligation then rested upon the petitioner of going further if he wished to win. If there were other facts and circumstances which would show that he was not liable as a transferee of the property of the flour company, it was the petitioner's duty to establish those facts in the record. They were peculiarly within his knowledge. Apparently appreciating his duty, he alleged some such facts and some facts were stipulated which are not favorable to the Commissioner, but they fall short of rebutting the prima facie case made out by the Commissioner. We do not know the date upon which the petitioner received the $72,000 from the company, or the date or dates upon which he paid other creditors of the company, or the relation of this date to the date on which he first knew or should have known that the taxes were assessed against the company. It does not appear to whom he made the payments, whether he made the payments on his guarantee or whether to creditors whose claims were preferred or subordinate to the claims of the Government in the collection of its taxes. Perhaps the proof of some of these points would have placed the petitioner in a better position, but this we need not decide. Our judgment on this point is for the respondent.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

---

LOVE, dissenting: I can not agree with the prevailing opinion in this case, nor with the decision reached. In my judgment the opinion is fundamentally wrong, both negatively and affirmatively, and I do not feel inclined to let it go out as a precedent without my

protest. I believe it is wrong in what it failed to decide and wrong in what it did decide.

At the hearing counsel for the respondent dictated into the record a statement that "the position of the respondent is that the petitioner received the sum of $72,000 on the liquidation of the C. A. Hutton Flour Co.; that the amount of income tax heretofore duly assessed against the company became a lien prior to any of its general creditors against the company. If the Commissioner is mistaken in that contention, then I will say that the petitioner is entitled to judgment. That is the sole ground upon which the Commissioner stands in this case."

The situation therefore is that by and through properly constituted authority, the parties litigant submitted the case upon one issue and only one issue. Therefore, both parties had the right to rely on the presumption that the issue so presented would be duly considered and decision made. In the prevailing opinion herein, that issue has been completely ignored.

In my judgment, the petitioner, the respondent, and the public are entitled, as a matter of right, to have the Board consider and decide that issue.

The issue presented by the parties litigant asserted a liability at law as distinguished from a liability in equity, and under all rules of pleading and practice known to the courts, a decision that the Government did not have a valid lien on the assets transferred—the $72,000—would entitle the petitioner to a decision in his favor. That the Government does not, and did not, have a lien of any kind on that $72,000, I believe is perfectly patent on the face of the record, if for no other reason, simply for the reason that there is no provision of law for fixing a lien on money so long as it remains in circulation.

After ignoring the only issue presented for consideration and decision, the prevailing opinion decides that, it having been stipulated that the petitioner received, as a transferee in liquidation, a sum greater than the amount of tax asserted, the respondent made a prima facie case and is therefore entitled to judgment.

This being a tax case, and the stipulated facts having disclosed a situation involving an issue independent of the one submitted, it may be that the Board is authorized to consider such issue although not presented by either party.

The Government, not having a lien on the assets transferred, is a general creditor. It is stipulated that the petitioner paid out to

creditors of the transferor an amount in excess of the $72,000 received by him.

Under the provisions of section 3466 of the Revised Statutes, the Government is a preferred creditor as among general creditors. If the petitioner ignored that statute and paid out any part of that money to unsecured creditors, then he is liable to the Government for the tax due by the transferor to the extent of the amount so paid to unsecured creditors, limited, of course, to the amount of the tax. There is no stipulation or evidence to indicate how much, if any, of that money was paid to unsecured creditors. Not even this phase of the case is discussed in the prevailing opinion.

In substance, the opinion is to the effect that when it is shown by stipulation or evidence that the petitioner was a transferee of assets of the delinquent corporation, a prima facie case has been made in favor of the respondent.

The laws governing the liability of a transferee are not new. They have been administered in the courts for ages. The essence of such laws is that they give to creditors a right, either in law or in equity, to hold a third person liable for the debts of some one else. Courts have always been strict in applying such a law. To hold one person liable for the debt of another is a rather hard rule.

The rule brings in a situation known in our jurisprudence as primary and secondary liability. In order to establish a secondary liability, it has always been required that the plaintiff, that is, the party asserting such liability, first establish the primary liability. After establishing such primary liability, he must prove the insolvency of the primary obligor, and then he must prove that the transferee received assets that did belong to the transferor (that is, the primary obligor) under such conditions and circumstances as rendered him personally liable, either in law or in equity, for the debt of the transferor.

There are literally thousands of situations wherein a transferee is not liable, either in law or in equity, for debts due by the transferor. Simply showing that one is a transferee of assets that did belong to the primary obligor, does not make a prima facie case of secondary liability, and that is all that is shown in the instant case.

Section 912 of the Revenue Act of 1928, which has to do with "Transferee Proceedings," prescribes that, "In proceedings before the Board the burden of proof shall be upon the Commissioner to show that a petitioner is liable as a transferee of property of a taxpayer, but not to show that the taxpayer was liable for the tax." That statute did not alter the existing and long-enforced rules of

procedure, except in one particular—it relieved the Commissioner of the burden of proving the primary liability. It did emphasize, by enacting into statute, what has always been the rule of courts, that the burden of proving the *liability* of the transferee shall be upon him who is trying to hold one person liable for the debt of another.

The cases cited below, among many, support the following definition of a prima facie case, or as used in some instances, prima facie evidence:

A prima facie case is made when sufficient competent evidence is presented, which, unchallenged by the opposing party, or rendered ineffective by avoidance evidence, would entitle the party presenting the same, under the law of the case, to a decision in his favor. *Purity Ice Cream & Dairy Co.* v. *Adams Express Co.*, 187 N. W. 296; *Schallert* v. *Boggs*, 204 S. W. 1061; *Gilmore* v. *Modern Brotherhood of America*, 171 S. W. 629; *Kelly* v. *Jackson*, 6 Peters, 622; *Bailey* v. *Alabama*, 219 U. S. 219.

In the instant case it is stipulated that the petitioner was a transferee to the extent of $72,000 in cash, which had been assets of the delinquent taxpayer corporation, and paid out the whole amount thereof, and more, to creditors of said taxpayer. If he paid all that money to secured creditors, he is not liable for the tax involved in this case. If he paid any amount thereof to an unsecured creditor, then by reason of the fact that under section 3466 of the Revised Statutes the Government is a preferred creditor as among general creditors, he was guilty of a misapplication of such fund and is personally liable to the Government to the extent of such misapplication, limited, of course, to the amount of the tax.

There is no stipulation or evidence in the record to indicate how much, if any, of that $72,000 was paid to unsecured creditors. In order to hold petitioner liable for the tax here involved, it must be found that he paid approximately $9,000 to unsecured creditors. On whom rests the burden to prove liability? The statute answers the question.

TRUSSELL, PHILLIPS, VAN FOSSAN, and SEAWELL agree with this dissent.