Margaret Wilson Baker, Individually and as Executrix of the Estate of Ida Carr Addicks, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 59038. Promulgated March 27, 1934.

*Edward H. Wilson, Esq.*, and *Herbert S. Ackerman, Esq.*, for the petitioner.

*J. A. Lyons, Esq.*, for the respondent.

OPINION.

BLACK: The issues involved in this proceeding are three.

(1) Has the Board jurisdiction in so far as it involves Margaret Wilson Baker, executrix of the estate of Ida Carr Addicks, for the purpose of determining whether there was an overpayment of taxes by Ida Carr Addicks during each of the taxable years in question?

(2) Is petitioner, Margaret Wilson Baker, liable as a transferee of Ida Carr Addicks for additional taxes due and unpaid by the latter for the years 1927 and 1928?

(3) Is there any deficiency in tax due by Ida Carr Addicks for the years 1927 and 1928?

We will discuss these issues in the order stated.

(1) We think the Board clearly has no jurisdiction to entertain the appeal of Margaret Wilson Baker as executrix of the estate of Ida Carr Addicks. At the hearing respondent moved to dismiss her appeal. This motion was taken under advisement. A copy of the deficiency notice addressed to Ida Carr Addicks was introduced in evidence and it bears date of November 19, 1930. As stated in our findings of fact, the first effort of Margaret Wilson Baker to appeal as executrix of Ida Carr Addicks was in the amended petition filed January 17, 1933. This was more than two years after the deficiency notice was mailed to Ida Carr Addicks. As a matter of fact, when petitioner as an individual filed her petition appealing from the deficiency notice which had been mailed to her as transferee, her mother, Ida Carr Addicks, was still living. She died June 26, 1931, which was more than six months after the mailing of the deficiency notice to her and was a few days after petitioner had filed her original petition contesting her liability as transferee, yet up to the time of her death, Ida Carr Addicks had filed no appeal from the deficiency notice which had been mailed to her. Plainly, under such state of facts we have no jurisdiction to entertain the appeal of Margaret Wilson Baker as executrix of the estate of Ida Carr Addicks, and respondent's motion to dismiss the appeal as to her in her representative capacity, is granted.

Appeals to be in time must be filed within 60 days from the date the deficiency notice was mailed and the statute must be strictly complied with. *Chambers* v. *Lucas*, 41 Fed. (2d) 299. This is not an appeal of a transferee from a deficiency notice mailed to the original taxpayer such as was present in *Burnet* v. *San Joaquin Fruit & Investment Co.*, 52 Fed. (2d) 123; *Haag* v. *Commissioner*, 59 Fed. (2d) 516.

But even if we are wrong in dismissing the appeal of Margaret Wilson Baker as executrix, she could not prevail in her contention that there was an overpayment of tax in 1927 and 1928, for reasons which we shall state in discussing error No. (3).

(2) We think it is clear that petitioner is liable as transferee. Prior to her death Mrs. Addicks transferred all her property to petitioner. This included real estate having a fair market value of $61,000 and common stock of the General Motors Co. having a fair market value of $134,750. For this property petitioner paid no money consideration and the transfer left the taxpayer insolvent. It is true that one piece of real estate having a value of $43,000 was transferred in 1927 prior to the accrual of Mrs. Addick's tax liability for the taxable years in question. As to that piece of property, we hold petitioner is not liable as transferee. However this holding does not affect the result, because the remainder of the property transferred had a greater fair market value at the time

of transfer than the amount of the taxes due plus interest thereon as provided by law.

Petitioner contends that she knew nothing of any additional tax liability of her mother, Ida Carr Addicks, at the time the several transfers of property were made, but this fact makes no difference. Such additional taxes were due and owing at the close of the years 1927 and 1928 prior to the time the transfers, except the one noted, were made. Such tax liabilities must be taken into consideration in determining transferee liability, even though unknown at the time the transfer of property is made. *Samuel Keller*, 21 B.T.A. 84; affd., 59 Fed. (2d) 499; *United States* v. *Keaton*, 26 Fed. (2d) 227; *Updike* v. *United States*, 8 Fed. (2d) 913.

Petitioner contends that she is in effect a purchaser for value without notice, in that her mother was getting old and required attention and that she and her husband sacrificed opportunities of their own elsewhere to go to Delaware and care for her mother. This of course was commendable and we have no doubt that a claim on the part of petitioner for monetary remuneration for the services which she rendered her mother could be well supported in law up to a reasonable amount, but we have no evidence what that amount is. Certainly we would not be justified in saying that it equaled the value of the property which was transferred to her by her mother.

In *C. A. Hutton*, 21 B.T.A. 101; affd., 59 Fed. (2d) 66, we held that the Government has a prior claim to general creditors and where a transferee claims that he has used the money which he received to pay debts, the burden is on him to show the debts had priority over those of the Government. The evidence in this proceeding is not sufficient to show that petitioner had claims against her mother which had priority over the taxes due the Government. On that point petitioner has not met the burden of proof. Cf. *W. W. Cleveland*, 28 B.T.A. 578.

(3) Petitioner, while not admitting but denying that she is liable as a transferee, contends that, even if she is liable as a transferee, there is no liability in this proceeding because there is no tax due.

As has been stated in our findings of fact, the Commissioner determined the deficiencies in question by applying the rule of "first bought, first sold" to shares of stock which the taxpayer, Ida Carr Addicks, bought and sold during the taxable years while trading on margin accounts with brokers. Respondent's use of this rule under such circumstances is justified. *Ralph H. Seelye*, 29 B.T.A. 695; *John A. Snyder*, 29 B.T.A. 39. There is no showing that respondent made any error in applying this rule. In fact petitioner apparently does not dispute the correctness of the determination of the gain which respondent made, but relies upon the fact that only certain parts of these gains were actually paid over to Ida Carr

Addicks by the brokers during the taxable years in question and that these sums were all reported by her for taxation and more.

It is on this ground that petitioner contends that Ida Carr Addicks overpaid her tax in each of the taxable years and that her estate is entitled to a refund. In answer to this contention it is sufficient to point out that a taxpayer, even though on a cash basis, cannot escape taxation on profits by a mere failure to withdraw them in cash from his brokers. If he could, traders on the New York Stock Exchange and other exchanges would have an easy way to avoid taxation. They could simply leave their profits to accumulate with their brokers and thus escape taxation, but such is not the law. Amounts received by an agent for his principal are income to the principal in the year in which the income is received by the agent. *Frank E. Best*, 26 B.T.A. 1070, and cases there cited. It was unfortunate for the taxpayer that she allowed a portion of her profits to remain with her brokers and used them in buying other stocks and saw them all vanish when the stock market crash came in the fall of 1929, but that does not change the tax liability for 1927 and 1928. The income that is subject to a man's unfettered command and that he is free to enjoy at his own option, may be taxed to him as his income whether he sees fit to enjoy it or not. *Corliss* v. *Bowers*, 281 U.S. 376.

*Decision will be entered for the respondent.*