NEWMAN & CAREY SUBWAY CONSTRUCTION COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ESTATE OF HENRY ROTH, AS ALLEGED TRANSFEREE OF THE ASSETS OF NEWMAN & CAREY SUBWAY CONSTRUCTION COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 88775, 88776. Promulgated June 30, 1938.

---

1164

*L. L. Hamby, Esq.*, for the petitioners.
*Lloyd W. Creason, Esq.*, for the respondent.

OPINION.

STERNHAGEN: ■ The Subway Construction Co. assails the Commissioner's determination that the $986,864.95 of the judgment recovered from the city of New York in 1935 was within its gross income, (a) because it was not received by it but by the Roth estate by virtue of the 1924 contract, or (b) because in its nature as damages the principal was not income even though the interest may have been.

(a) The judgment was recovered from the city and was paid in 1935. By an authorization given pursuant to the 1924 contract the judgment was collected by a law firm and disbursed by it directly as provided in the contract. Thus the corporation actually received no part of it. The Roth estate received the $986,864.95 as principal and interest of the indebtedness of the corporation to it for advances. There can be no doubt that the indebtedness was the sole occasion

for the amount being turned over directly to the estate instead of to the corporation, for the advances had theretofore been made by the estate, they remained unpaid, and they were recognized by all parties to the 1924 contract. The bona fides is unquestioned. The corporation caused its indebtedness to be satisfied by the short-cut method of deflecting an amount receivable by it directly into the hands of its creditor, and the amount must be regarded as if it had been first received by it.

The petitioner contends that there was, by virtue of the 1924 contract, an equitable assignment to the estate of all its rights against the city, and hence that the amount paid by the city in discharge of those rights may not be attributed to it. But there was no such assignment. The 1924 contract contains nothing to support an interpretation of it as such. Rather it was a means of assuring the use of the proceeds of the judgment, if any, to discharge so much of the indebtedness as was not otherwise paid. In fact $119,305.50 was otherwise paid, leaving $679,105.60. Moreover, other claims were recognized as properly to be paid by the collecting firm out of the amount paid by the city.

(b) The corporation contends that the amount, even though it be treated as received by it, may not be regarded as taxable income in 1935, except perhaps so much as was interest. It contends that the damages recovered were in recoupment of the loss suffered on its construction contract and such damages are not income. But it chose during its period of operations under the construction contract to make its returns upon the completed contract basis, a basis which is permissible and was recognized while construction operations were going on. The project was completed in 1921 and the return of that year must be assumed to reflect the loss. *Commissioner v. Thatcher & Son*, 76 Fed. (2d) 900; *Vansant v. Crooks*, 43 Fed. (2d) 166; *T. E. McShaffrey Construction Co.*, 18 B. T. A. 750. The later recovery is income when received, *Burnet v. Sanford & Brooks Co.*, 282 U. S. 359; *Central Railroad Co. of New Jersey v. Commissioner*, 79 Fed. (2d) 697; *Farmers' & Merchants Bank of Catlettsburg v. Commissioner*, 59 Fed. (2d) 912; *Bankers' Pocahontas Coal Co. v. Burnet*, 55 Fed. (2d) 626; *Flynn v. Commissioner*, 77 Fed. (2d) 180.

The Commissioner's treatment of the $986,864.95 as the petitioner corporation's income in 1935 is sustained.

■ In the notice of deficiency the Commissioner disallowed a deduction of "Expenses applicable to prior years $10,656.73", and in explanation of the disallowance said "This item represents certain expenses affecting the subway contract litigation which were paid during the current year but were accrued and deducted in prior years." The petitioner assails this, and alleges in its petition that it is unable to identify the items of deductions taken which have been disallowed.

The return is not in evidence and there is no other evidence upon which a finding can be based from which an inference or conclusion can be drawn as to the propriety of the deduction taken or the disallowance made. The petitioner says in its brief: "Before any finding can be made for Respondent regarding this item, it must appear that the Subway Company deducted 'this item' on its 1935 return." This is incorrect. The burden is upon petitioner to demonstrate that the determination is in error, and if there is no evidence to support the attack and nothing to indicate that an error of law has been committed, the determination must stand. That is the situation here. The form of the Commissioner's determination leaves much to be desired as to the nature and identity of the items disallowed, but that is not enough to establish that the disallowance was in error. In the absence of evidence to support findings, the item must be sustained.

The Commissioner's determination as to the deficiency of the corporation is sustained.

■ The estate resists the determination of transferee liability against it for the deficiency of the corporation. The burden of proof to establish such liability is upon the Commissioner. He argues that what the estate received from the corporation was a distribution to a shareholder which left the corporation insolvent or with assets insufficient to pay its taxes, thus establishing the estate's liability as a transferee. It is, however, not as a shareholder that the estate received the payment, but as a bona fide creditor upon long standing advances of money, *Frances W. Haines*, 20 B. T. A. 721. There was no liquidation distribution among shareholders. Cf. *Hutton* v. *Commissioner*, 59 Fed. (2d) 66. As a creditor, the estate was fully entitled to be paid without subjecting it to liability for a debt due to another. *Reid Ice Cream Corporation* v. *Commissioner*, 59 Fed. (2d) 189. The Government had not at that time become a creditor, for the corporation's tax year had not ended. Whatever tax liability might result from the receipt by the corporation of the judgment with interest was unascertained and inchoate. It had not accrued or been assessed, and there was no lien. *West Texas Refining & Development Co.* v. *Commissioner*, 68 Fed. (2d) 77, 80. Nothing would support a finding that there was an intention or attempt to give an undue preference to one creditor over another or otherwise to fraudulently obstruct the proper collection by the Government of its taxes. *Weil* v. *Commissioner*, 91 Fed. (2d) 944. The stipulation that at all times since 1921 the corporation was inactive and its liabilities exceeded its assets is too ambiguous, in the face of the evidence that the chose in action against the city was reflected only by the capitalized value of the contract, to justify a finding that the payment to petitioner left it in a condition

of insolvency; although such a finding would still have less controlling significance to impose a liability in equity upon a creditor than upon a distributee shareholder.

There is, therefore, no foundation in this record for any liability of the estate at law or in equity as a transferee of the corporation's assets, and the Commissioner's determination of such liability must be reversed.

*Judgment will be entered against the corporation for the deficiency and for the estate as an alleged transferee.*