Transo Oil Corporation v. Commissioner.
Transo Oil Corp. v. Commissioner
Docket Nos. 2236 and 2237.
United States Tax Court
1943 Tax Ct. Memo LEXIS 63; 2 T.C.M. (CCH) 974; T.C.M. (RIA) 43473; November 1, 1943
*63 R. B. Cannon, Esq., 909 Sinclair Bldg., Fort Worth, Tex., for the petitioner. R. C. Whitley, Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner has determined that the petitioner is liable as a transferee for income taxes of R. G. Trippett and of Mrs. R. G. Trippett for the calendar year 1940, each in the amount of $1,933.47. He also made jeopardy assessments against the petitioner each in the amount of $40,920, plus interest, for the petitioner's liability as transferee of the two Trippetts for unpaid income taxes for the calendar year 1941. The petitioner assigned as error the action of the Commissioner in holding that it was liable in any amount for income taxes of the Trippetts for the years 1940 and 1941. The Commissioner, recognizing that the burden of pleading and proving transferee liability was upon him, filed an answer in which he set up certain facts upon which he relied to show transferee liability. The petitioner filed a reply and also made a motion for judgment on the pleadings. The parties were heard on the motion for judgment on the pleadings and at that time the respondent was permitted to file an amended answer with the understanding *64 that the motion for judgment would apply as well to the pleadings thus amended. The petitioner contends that the answers of the respondent do not set forth sufficient facts to show transferee liability on the part of the petitioner for the taxes in controversy. [The Facts] The facts alleged by the respondent to support transferee liability are that Mr. and Mrs. R. G. Trippett transferred all of their property to the petitioner on or about May 1, 1939 in consideration of the assumption by the petitioner of "certain obligations" of the Trippetts; the fair market value of the properties transferred at the time of the transfer was greatly in excess of the consideration paid therefor and was also in excess of the tax liability in question and the interest thereon; the transfers were for an inadequate consideration, were not bona fide, and were in fraud of creditors, including the respondent, of the Trippetts; so that after the transfers the Trippetts were without assets from which the respondent could collect the taxes due. He also alleges that the transfers were made with fraudulent intent to defraud the United States Government of future Federal income taxes of the transferors *65 which they knew would become due and which have become due. [Opinion] The respondent has made no argument in support of his pleadings. The Court in Commissioner v. Southern Bell Telephone & Telegraph Co., 102 Fed. (2d) 397, 401, in discussing transferee liability under section 311 of the Revenue Act of 1928, which is substantially identical with section 311 of the I.R.C., stated: Section 311 of the Revenue Act of 1928 imposed no new obligation upon a transferee of property of a corporation but merely permitted, by summary proceeding, collection from him of his existing liabilities in law or equity. The nature and extent of a transferee's liability must be determined by the settled principles of the common law or federal or local statutes. The following prerequisites must be present before a transferee liability becomes fixed. The transfer of assets must be made after the liability accrues and the transferor must have been liable for the debt and the transferee must have obtained the property under such circumstances as would make him liable either in law or equity. The transfer upon which the respondent relies in this case was alleged to have *66 been made on or about May 1, 1939. The taxes involved are for the years 1940 and 1941. Assuming that the transfer was made as the respondent contends, nevertheless, it was made before any of the events had occurred which fixed the tax liability of the transferors here in question. Thus, when the transfer was made there was no liability for the taxes here in question. The Commissioner was not a creditor of the Trippetts. A transfer in one year would not make the transferee liable for income taxes of the transferor for a later year. Harwood v. Eaton, 68 Fed. (2d) 12; Margaret Wilson Baker, 30 B.T.A. 188. Cf. Newman & Carey Subway Construction Co., 37 B.T.A. 1163. If the Trippetts were in receipt of income in 1940 and 1941, they must necessarily have had money as a result of that income with which to pay the tax. At least if this is not so, the respondent has failed to allege and explain how it could have been otherwise. Decision will be entered for the petitioner.