Edwin A. Robson [1] v. Commissioner. Robson v. Commissioner
Docket Nos. 2589, 2590, 2591, 2592, 2593, 2594, 2595, 2596, 2597, 2610, 2611, 2612, 2620, 2628.
United States Tax Court
1945 Tax Ct. Memo LEXIS 354; 4 T.C.M. (CCH) 23; T.C.M. (RIA) 45008; January 8, 1945
Harry C. Kinne, Esq., 160 N. La Salle St., Chicago, Ill., for the petitioners. David F. Long, Esq., for the respondent. STERNHAGEN Findings of Fact and Memorandum Opinion The Commissioner, having determined a deficiency of $7,319.83 income tax and $2,625.35 excess profits tax for the fiscal year ended October 31, 1935, against the Swastika Oil and Gas Company, determined transferee liability for such deficiency against the petitioners as follows: Excess Profits
Income Tax
Tax
Total
Edwin A. Robson
$1,156.79
$ 414.61
$1,571.40
J. E. Fonda
4,432.67
1,588.75
6,021.42
John W. Belter
946.47
339.23
1,285.70
William F. J. Mullett
694.07
248.77
942.84
Joseph Cabonargi
841.30
301.54
1,142.84
Margaret F. Sinclair
567.88
203.54
771.42
Ed. M. Self
2,523.42
905.14
3,428.56
Harry C. Kinne
5,498.77
1,970.85
7,469.62
McDonald Lovell
736.15
263.85
1,000.00
Guy I. Warren
3,643.20
1,306.80
4,950.00
Melvena Wilson
2,655.40
951.74
3,607.14
Henry G. Eisert
1,051.63
376.93
1,428.56
Jules F. Salmen
683.56
245.00
928.56
Walter H. Koelbel
2,576.52
923.48
3,500.00
*355 All the petitioners assail the determination that they are liable as transferees. In Docket No. 2628 the petitioner also assails the determination that he received $3,500 from Swastika. Findings of Fact The Swastika Oil and Gas Company, a Michigan corporation, of Muskegon, Michigan, was incorporated on November 8, 1928. It filed an income and excess profits tax return for the fiscal year ended October 31, 1935, on an accrual basis, in the District of Michigan. Deficiencies of $7,319.83 in income tax and $2,625.45 in excess profits tax for the fiscal year ended October 31, 1935, or a total of $9,945.28, were assessed June 25, 1937, by the Commissioner against Swastika. The Collector at Detroit on June 28, 1937, made out a notice of assessment and demand for payment of the taxes assessed. On September 27, 1937, Swastika filed a petition with the Board of Tax Appeals for a redetermination of the deficiencies. The deficiencies were redetermined by the Board in an opinion promulgated October 24, 1939 ( Swastika Oil & Gas Co., 40 B.T.A. 798), and decision, entered January 17, 1940, holding that there were deficiencies of $6,953.32 in income tax and $2,492.18 excess profits *356 tax, total $9,445.50. The decision was affirmed November 6, 1941 (123 Fed. (2d) 382), and certiorari was denied on October 12, 1942, by the Supreme Court of the United States (317 U.S. 639). No part of the deficiencies has been paid. On September 14, 1935, Swastika received $80,000 as a compromise settlement of litigation. The deficiencies in income and excess profits taxes determined by the Board against Swastika were predicated upon its receipt of the $80,000, or a profit therein of $53,146.52, for the taxable year. Swastika, on September 14, 1935, paid its directors for services $3,300 out of the above $80,000. On September 14, 1935, Swastika - "Resolved that out of the proceeds on hand from the settlement of said litigation, after deducting said attorney's fees, Fifty Dollars ($50.00) a share for each share of stock outstanding, according to the reduced capital stock, be paid to the owners of said stock." and on that date it paid $49,181.80 to its shareholders, including petitioners, as follows: Edwin A. Robson
$1,571.40
J. E. Fonda
6,021.42
John W. Belter
1,285.70
William F. J. Mullett
942.84
Joseph Cabonargi
1,142.64
Margaret F. Sinclair
771.42
Ed. M. Self
3,428.56
Harry C. Kinne
7,469.62
McDonald Lovell
1,000.00
Guy I. Warren
214.28
Guy I. Warren
4,971.42
Melvena Wilson
3,607.14
Melvena Wilson
200.00
Henry G. Eisert
1,428.56
Jules F. Salmen
928.56
Walter H. Koelbel
2,705.72
*357 The shareholders were not requested to and have not surrendered their shares. Swastika has not been dissolved. It filed corporation income and excess profits tax returns for the fiscal years ending October 31, 1936, 1937, 1938 and 1939, in the District of Michigan, reporting no income and stating that it was inactive. Pursuant to a resolution adopted June 6, 1935, leases in the Muskegon area and equipment were sold by Swastika to Walter H. Koelbel for $6,800, of which $500 was a down-payment and $6,300 was to be paid upon transfer of title. Koelbel took over the property in October, 1935. A capital gain of $4,668.58 was reported in Swastika's return for the year ended October 31, 1935. The assets and liabilities (other than stock liability) of Swastika, as shown by its balance sheets in its income tax return, as of the beginning and end of the year ended October 31, 1935, were as follows: Assets
Nov. 1, 1934
Oct. 31, 1935
Cash
$ 738.63
$ 711.25
Accounts Receivable
$ 4,080.46
Less reserve for bad debts
2,006.60
2,073.86
7,478.80
Warehouse stock
978.33
Oil in storage
300.00
Developed leases
140,708.74
Undeveloped leases
802.00
Furniture & Fixtures
846.00
$846.00
Delivery equipment
1,490.00
Drilling tools
4,024.93
147,871.67
Less reserve for depreciation and
depletion
146,999.22
872.45
583.00
263.00
Due from working interests
1,172.96
Total Assets
$6,136.23
$8,453.05
Liabilities
Notes payable
631.60
Accounts payable
378.01
Payroll
152.00
Working interest payable
827.44
Total Liabilities
$ 530.01
$1,459.04
*358 On September 14, 1935, Swastika owned leases at Hart, Michigan; leases covering about 1,000 to 1,500 acres at Manistee, Michigan, valued at about $5 an acre, or a total of $5,000 to $7,500; an interest in leases near Deerfield, Michigan, with equipment, valued at about $5,000 to $6,000; and an interest in leases in Vanzandt County, Texas, valued at about $5,000 to $6,000. Memorandum Opinion STERNHAGEN, Judge: The Board, on October 24, 1939, determined a deficiency of $9,445.50 in income and excess profits tax of Swastika for the fiscal year ended October 31, 1935. Swastika Oil & Gas Co., 40 B.T.A. 798, affirmed, Swastika Oil & Gas Co. v. Commissioner, 123 Fed. (2d) 382. This has never been paid. The Commissioner determined that the several shareholders who are petitioners in these proceedings are liable for the deficiency to the proportionate extent that they received dividends from Swastika by the declaration and payment of September 14, 1935. The petitioners make no contention (as of course they could not) that the transferor was not liable for the tax, but contend only that they are not liable therefor as transferees. In such issue, the burden of *359 proof is upon the Commissioner "to show that a petitioner is liable as a transferee of property of a taxpayer * * *". Internal Revenue Code, Section 1119(a). See Mertens, Law of Federal Income Taxation, Vol. 9, § 53.45. We think that the Commissioner has failed to show such liability of these petitioners. The error of his position appears from the argument of his brief, which proceeds upon the postulate stated at the outset that Swastika in distributing the dividend on September 14, 1935, transferred substantially all its assets to its shareholders, including the petitioners, and that this distribution rendered the corporation insolvent and without sufficient assets with which to pay its debts, including this tax liability. These propositions are predicated upon the figures which are shown only on the balance sheet in the return filed by the corporation and these figures purport to be a reflection of the book figures of the corporation as of October 31, 1935, but are not shown to reflect actual values of assets. There is a revenue agent's testimony that in conversation in 1937 he was told by an officer of the corporation that the corporation at that time, *360 that is, in 1937, had "very little assets left". The recollection of this revenue agent was shown in several respects to be inaccurate and it cannot be accepted in preference to the other evidence that the corporation in fact had substantially more than "very little assets" at the time in question. The Commissioner also relies upon the proposition that the corporation on June 6, 1935, sold substantially all its assets to Koelbel. That was the date of a resolution to sell the leases in the Muskegon area and the sale occurred in October. Although on the balance sheet of November 1, 1934, developed and undeveloped leases appear at a value slightly over $2,000, this Muskegon lease was sold in October, 1935, for $6,800, which is more nearly representative of its value on September 14, 1935, when it was still among Swastika's assets. In addition to this property, the corporation had other assets having substantial value. Its net worth appears to be more than the amount of the deficiency. The evidence not only fails to show, as the Commissioner must prove, that the distribution by the corporation to these petitioners was made at a time when the corporation was insolvent or that the distribution *361 was the occasion which rendered the corporation insolvent; but, to the contrary, the evidence affirmatively shows that the corporation at that time was not insolvent, had substantial assets, and was not left insolvent by the distribution of the dividend. While the evidence leaves some uncertainty as to the corporation's assets or its book records, it does show prima facie that on the crucial date of September 14, 1935, when these petitioners received their shares of the dividend, the corporation owned leases at Hart, Michigan; leases of about 1,000 acres near Manistee, Michigan, worth approximately $5 an acre; wells and equipment at Deerfield, Michigan, worth $5,000 or $6,000; and royalties in Texas worth about $5,000 or $6,000. The fact that these properties were not shown on the balance sheets in the corporation's returns is not enough to overcome the uncontradicted testimony that they were in fact owned by the corporation. Since, as the evidence shows, the corporation transferor was not insolvent or made so by the distribution, the Commissioner has failed to establish that the petitioners are liable for the taxpayer's deficiency. Terrace Corporation, 37 B.T.A. 263. *362 There is no evidence to support a finding that the distribution was made in fraud of creditors, Newman & Carey Subway Construction Co., 37 B.T.A. 1163, or to support a finding that the Commissioner exhausted his remedies against the corporation. The Commissioner has apparently abandoned his original contention in Docket No. 2628 that Koelbel had received $3,500 from the corporation and that this amount measured his liability. It was stipulated that Koelbel received $2,705.72. Decisions in all the proceedings will be entered that there is no liability of the individual petitioners for the corporation's deficiency. Decisions will be entered for the petitioners. Footnotes
1. Proceedings of the following petitioners are consolidated herewith: J. E. Fonda, John W. Belter, William F. J. Mullett, Joseph Cabonargi, Margaret F. Sinclair, Ed. M. Self, Harry C. Kinne, McDonald Lovell, Guy I. Warren, Melvena Wilson, Henry G. Eisert, Jules F. Salmen, and Walter H. Koelbel.↩