ESTATE OF VINCENT DE NIRO; ESTATE OF VINCENT DE NIRO, TRANSFEROR, LOUIS R. DE NIRO, TRANSFEREE; ESTATE OF VINCENT DE NIRO, TRANSFEROR, FRANK DE NIRO, TRANSFEREE; ESTATE OF VINCENT DE NIRO, TRANSFEROR, MICHAEL DE NIRO, TRANSFEREE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of De Niro v. Commissioner
Docket No. 9178-76.
United States Tax Court
T.C. Memo 1979-168; 1979 Tax Ct. Memo LEXIS 357; 38 T.C.M. (CCH) 721; T.C.M. (RIA) 79168; April 30, 1979, Filed James C. Herndon and Mitchell Ehrenberg, for the petitioners. Buckley D. Sowards, for the respondent. HALL MEMORANDUM OPINION HALL, Judge: This matter is before the Court on petitioners' Motion for Summary Judgment filed April 28, 1977, pursuant to Rule 121 of the Tax Court Rules of Practice and Procedure. Subsequent to the filing of this motion, administrators were appointed for the Estate of Vincent DeNiro. This motion is deemed filed solely on behalf of Louis R. DeNiro, Frank DeNiro and Michael A. DeNiro. [1] An appropriate order in this matter will be entered without prejudice to issues still before the Court with respect to the Estate of Vincent DeNiro. The sole issue for our consideration at this time is whether Louis R. DeNiro, Frank DeNiro, and Michael A. DeNiro ("petitioners") are liable as transferees of the Estate of Vincent DeNiro for the 1969 income tax deficiency, if any, of the Estate. At the *359 time of filing their petition, petitioners were residents of Youngstown, Ohio. Vincent DeNiro ("Vincent") died intestate, a resident of Ohio, on July 17, 1961. At the time on his death Vincent was single, and his heirs at law were two minor children of a previously dissolved marriage. Vincent was also survived by three brothers, the petitioners herein. There were no probate proceedings and no personal representatives were initially appointed. No federal estate tax return or Ohio inheritance tax return was filed. On the date of his death, Vincent owned 100 percent of the issued and outstanding stock of Cicero's, Inc., 100 percent of the stock of Valley Land Company and at least 55 percent of the stock of National Cigarette Service of Youngstown, Inc. He also owned 20,000 shares of stock in Continental Tobaco Company, $25,000 in cash and was owed an additional $25,000 by an unrelated individual. On August 23, 1965, the three DeNiro brothers were convicted in the United States District Court for the Northern District of Ohio of willfully attempting to evade and defeat federal estate tax owned by the Estate. United States v. Frank DeNiro, Jr., Michael DeNiro, and Louis *360 DeNiro, an unreported case (N.D. Ohio, August 23, 1965). Their conviction was subsequently affirmed by the United States Court of Appeals for the Sixth Circuit. United States v. DeNiro,392 F. 2d 753 (1968), cert. denied 393 U.S. 826 (1968). The District Judge found that Vincent had a gross estate of $311,047.08 and a net taxable estate of $215,816.43. It was further found that on the date of Vincent's death, his brothers "agreed to gather together and secure permanent possession of these and all other properties which had belonged to their deceased brother to the exclusion of his rightful heirs." By August 22, 1962, the assets of the Estate "were jointly gathered together by Louis, Frank, and Michael DeNiro, each sharing equally in the actual ownership * * *." On April 4, 1969, respondent filed jeopardy assessments against the three DeNiro brothers as "nominees or transferees" of the Estate. Liens were recorded by respondent against all the assets of National Cigarette Service of Youngstown, Inc. and Valley Land Company. Subsequently, there was a partial abatement of the jeopardy assessments and the amount remaining after abatement, $104,577.04, *361 was paid by the two corporations in 1969. After claims for refund were denied, a refund action was filed in the United States District Court for the Northern District of Ohio by the two corporations and the DeNiro brothers as "nominees and/or transferees." Finding that the Court had no jurisdiction over a claim by the corporations, the District Judge dismissed the corporations as plaintiffs in the suit. The jury for the case found the value of Vincent's estate to be less then the government claimed and a judgment for refund was entered for the DeNiro Brothers. DeNiro, et al. v. United States, an unreported case ( N.D. Ohio, 1975, 36 AFTR 2d 75-6517). The government appealed the judgment. The issues on appeal related to the standing of the DeNiro brothers to maintain the refund action, the sufficiency of the evidence upon which the jury determined the taxable estate, and the allowance by the District Court of litigation expenses as a further reduction of the taxable estate. The Court of Appeals for the Sixth Circuit in DeNiro v. United States,561 F. 2d 653 (1977), found that the District Court erred in dismissing the corporations as plaintiffs *362 in as much as the corporations made the payments voluntarily on behalf of the Estate rather than involuntarily to protect their own assets and as such they were "taxpayers" within the meaning of section 7701(a)(14). In deciding whether the DeNiro brothers had standing to sue for a refund, the Court of Appeals first noted that because payment was not made by the DeNiro brothers or on their behalf they had no standing to sue for a refund individually. As to whether they had standing to sue in any capacity, the Court of Appeals found that the DeNiro brothers "were not transferees under the stipulated facts and the evidence." Id. at 653. Instead, "since the three DeNiro brothers took actual possession of Vincent's property after his death and no executor or administrator was appointed, they became 'executors' for purposes of the estate tax requirements and were liable for payment of that tax." Id. Accordingly, the Court of Appeals held that the DeNiro brothers, as executors, had staeding&to seek a refund on behalf of the Estate. On remand, the District Court in National Cigarette Service of Youngstown, Inc., et al. v. United States, an unreported case (N.D. Ohio, *363 May 15, 1978), ordered that a second amended judgment be entered in the amount of $67,741.33. On September 12, 1977, the Court of Common Pleas of Mahoning County, Ohio, appointed Helen M. Papalia and Joanne F. DeNicholas, the heirs at law of Vincent DeNiro, administrators of the Estate. The District Court therefore directed that the check representing payment of the refund be made payable to Helen M. Papalia and Joanne F. DeNicholas as administrators of the Estate of Vincent DeNiro. In light of the opinions rendered by the District Court for the Northern District of Ohio and the Court of Appeals for the Sixth Circuit in matters related to this case, petitioners contend that they are not liable as transferees for any 1969 income tax of the Estate that may be due because the transfer of assets to them from the Estate occurred prior to the time the alleged 1969 income tax liability for the Estate accrued. Respondent has determined in a notice of deficiency, that the Estate of Vincent DeNiro (the "Estate") is liable for an income tax deficiency of $46,268.20 for 1969, plus an addition to the tax for failure to file an income tax return under section 6651(a)(1) [2] of $11,567.05. *364 Respondent determined that $104,577.04 was constructively received by the Estate in 1969 when the federal estate tax due by the Estate was paid by Vincent DeNiro's corporations. Respondent determined that this amount was taxable as ordinary income under sections 641 and 61. In statutory notices sent to Louis R. DeNiro, Frank DeNiro and Michael DeNiro as "transferees" respondent asserted that each is liable for the $46,268.20 deficiency plus additions to the tax for failure to file of $11,567.05 as transferees of the assets of the Estate. The liability of the Estate as transferor for the deficiency and penalties has not been decided. Section 6901 [3] provides a method of collecting from a transferee amounts owned for the tax deficiencies of the transferor. For transferee liability to exist under section 6901(a)(1)(A) there must be a transfer of assets which was made during or after the period for which the liability for the debt accrued. Commissioner v. Southern Bell Telephone & Telegraph Co.,102 F. 2d 397, 401 (6th Cir. 1939); Yagoda v. Commissioner,39 T.C. 170 (1962), *365 affd. 331 F. 2d 485 (2d Cir. 1964), cert. denied 379 U.S. 842 (1964); Baker v. Commissioner,30 B.T.A. 188 (1934), affd. 81 F. 2d 741 (3d Cir. 1936); Transo v. Commissioner,2 T.C.M. 974, 12 P-H Memo T.C. par. 43,473 (1943). By August 22, 1962, petitioners possessed all the assets of the Estate. Although petitioners may have obtained these assets under such circumstances as would render them liable as transferees to the creditors of the Estate for debts accrued prior to or during 1961 and 1962, the years of the transfers, petitioners are not liable in this case. Here, the alleged income tax liability of the Estate accrued in 1969, seven uears after petitioners took possession of the assets. Because this alleged liability accrued after the transfers occurred we conclude, as a matter of law, that petitioners are not liable under section 6901 for the 1969 deficiency, if any, and the addition to the tax, if any, that may be owed by the Estate. *366 Accordingly, petitioners' motion is granted and, An appropriate order will be issued.
Footnotes
1. At the January 31, 1978 hearing on this motion counsel for Louis R. DeNiro, Frank DeNiro and Michael A. DeNiro stated that he was not counsel for the Estate of Vincent DeNiro.↩
2. All statutory references are to the Internal Revenue Code of 1954, as in effect during the year in issue.↩
3. Section 6901 provides: (a) Method of Collection.--The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, paid and collected in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred: (1) Income, estate and gift taxes.-- (A) Transferees.--The liability, at law or in equity, of a transferee of property-- (i) of a taxpayer in the case of a tax imposed by subtitle A (relating to income taxes), * * * in respect of the tax imposed by subtitle A or B.↩