DOUGLAS P. RAUCH AND ROSALIE RAUCH, JUDAL CONSTRUCTION CO., INC., DOUGLAS P. RAUCH, (TRANSFEREE), Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rauch v. Commissioner
Docket No. 591-81.
United States Tax Court
T.C. Memo 1984-161; 1984 Tax Ct. Memo LEXIS 509; 47 T.C.M. (CCH) 1398; T.C.M. (RIA) 84161; April 2, 1984. John J. O'Toole and Andrew Fradkin, for the petitioners. Daniel K. O'Brien, for the respondent. KORNER
MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: Respondent determined deficiencies in income *510 tax and additions to tax against petitioners for the following periods and in the following amounts: TAXABLE YEAR
ADDITION TO TAX UNDER
ENDING
DEFICIENCY
[1] SECTION 6653(b) Douglas P. Rauch and Rosalie Rauch
Dec. 31, 1966
$880.36
$ 440.18
Dec. 31, 1967
5,583.00
2,792.00
Dec. 31, 1968
4,753.00
2,377.00
Dec. 31, 1969
3,733.00
1,869.00
Judal Construction Co., Inc.
Nov. 30, 1966
$3,268.05
$1,634.03
Nov. 30, 1967
11,726.22
6,741.73
Nov. 30, 1968
14,576.60
7,288.30
Nov. 30, 1969
2,641.65
1,320.83
Douglas P. Rauch (Transferee)
Nov. 30, 1966
$3,268.05
$1,634.03
Nov. 30, 1967
11,726.22
6,741.73
Nov. 30, 1968
14,576.60
7,288.30
Nov. 30, 1969
2,641.65
1,320.83
After concessions, the sole issue remaining for our determination is whether Douglas P. Rauch is liable for the deficiencies and additions to tax of Judal Construction Co., Inc., as the transferee of that corporation within the meaning *511 of section 6901. The case was submitted to the Court without trial under the provisions of Rule 122, and based upon a written stipulation of facts and numerous joint exhibits which were filed by the parties. Such stipulation of facts and joint exhibits form the basis of the Court's findings of fact herein. FINDINGS OF FACT Petitioners Douglas P. Rauch and Rosalie Rauch, husband and wife, were residents of Upper Saddle River, New Jersey, at the time of filing their petition herein. Their joint Federal income tax returns for the calendar years 1966 and 1967 were filed with the Internal Revenue Service at Newark, New Jersey, and their returns for the years 1968 and 1969 were filed with respondent's Mid-Atlantic Service Center in Philadelphia, Pennsylvania. [2]
During its fiscal years ending November 30, 1966, through November 30, 1969, petitioner Judal Construction Co., Inc. (hereinafter "Judal") was a corporation organized under the laws of the State of New Jersey with its principal office at Hackensack, New *512 Jersey. Its Federal corporate income tax returns for its fiscal years 1966 and 1967 were filed with the District Director of Internal Revenue at Newark, New Jersey, and its returns for its fiscal years 1968 and 1969 were filed with respondent's Mid-Atlantic Service Center in Philadelphia, Pennsylvania.Judal was an accrual basis taxpayer during the relevant fiscal years, but its income tax returns were prepared by outside accountants based upon deposits to and disbursements from Judal's checking account. During the years at issue, Judal was engaged in the business of light construction and remodeling work. It operated its business from offices located in Hackensack, New Jersey, which premises it leased from one John Zajac. Irving Cohen (hereinafter "Cohen") was president of the corporation and owned 50 percent of the common stock. Rauch was secretary-treasurer of the corporation and also owned 50 percent of the common stock. Judal was liquidated in November of 1971. In each of its fiscal years 1966 through 1969, Judal, being under the control of Cohen and Rauch, caused a number of checks to be drawn on its corporate checking account payable to John Zajac. These checks were *513 charged to business expenses on the cash disbursement records of Judal, and were claimed as business deductions on its income tax returns. The total amount of such checks in each of Judal's fiscal years was as follows: Fiscal Year Ending
Total Amount of
November 30
Checks
1966
$10,854.78
1967
34,557.63
1968
35,236.77
1969
13,915.89
Such checks were thereafter deposited in checking and/or savings accounts maintained by Rauch and/or his wife, Cohen and/or his wife, or in some cases to the bank account of a partnership called Raco Company, in which Rauch and Cohen were partners, in amounts totalling an approximate equal division of the proceeds of such checks between Rauch and Cohen for each year. The distribution of such funds to Rauch and Cohen were made without consideration, were recorded falsely in Judal's books and records and on its tax returns, and were done with the intention of defeating and evading Judal's Federal income tax for each of the years in question. As the result of the above diversion of corporate funds to Rauch and Cohen, and the false and fraudulent income tax returns filed by Judal consistent therewith, Judal is liable for deficiencies *514 in income tax, and additions to tax under section 6653(b), for each of the years in question as follows: [3]
Additions to
Fiscal Year
Deficiency in
Tax Under
Ending November 30
Tax
Section 6653(b)
Total
1966
$3,048.05
$1,524.03
$4,572.08
1967
7,266.49
4,512.12
11,778.61
1968
12,552.65
6,276.33
18,828.98
1969
2,641.65
1,320.83
3,962.48
Of the above totals of funds diverted from Judal by Rauch and Cohen in each of the years in issue, the following amounts were received by Rauch for his personal benefit: Fiscal Year Ending
Diverted Funds Received
November 30
By Rauch
1966
$3,927.00
1967
15,778.00
1968
16,118.00
1969
5,457.00
As the result of the diversion of Judal's funds for the benefit of Rauch, as detailed above, there are deficiencies in individual income tax due from Rauch, as well as additions to tax under section 6653(b), for the calendar years 1966 through 1969 as follows: [4]
Calendar Year
Additions to Tax Under
Ending
Deficiency
Section 6653(b)
1966
$762.29
$381.15
1967
4,094.30
2,147.15
1968
4,417.35
2,208.68
1969
3,686.80
1,843.40
*515 OPINION The parties having resolved all of the differences between them, so far as petitioners Douglas P. Rauch (individually), Rosalie Rauch and Judal Construction Co., Inc. are concerned, as evidenced by the comprehensive stipulation of facts filed with the Court herein, it remains only for us to determine whether respondent was correct in attempting to collect from petitioner Douglas P. Rauch, as transferee, the admitted liabilities for tax and additions to tax of Judal, under the provisions of section 6901. [5]
*516 Two important characteristics of section 6901 must be noted.First, this section does not create or impose any liability as such for the taxes of another, but only gives respondent a mechanism for collecting such tax otherwise determined to be due. Kreps v. Commissioner,351 F.2d 1 (2d Cir. 1965), affg. 42 T.C. 660 (1964). Second, the liability of an individual as the transferee of another is to be determined "at law or in equity" under the law of the state whose laws are applicable, there being no controlling Federal law in this area. Commissioner v. Stern,357 U.S. 39, 42 (1958).
Finally, it must be remembered that the burden of proof to show the individual's status as the transferee of another under the applicable state law is upon respondent, but such burden does not extend to the liability for tax of the transferor. Section 6902(a)[6]; Rule 142(d). *517 In this case the applicable state law is that of New Jersey, where the parties resided and where all of the relevant happenings occurred. Although New Jersey has continued to retain the distinction between law and equity in its laws and in its administration of justice, and although the parties have argued the question of Rauch's liability as transferee at law and in equity separately, the distinction is more apparent than real, since the New Jersey statutes giving rise to equitable rights in the area of fraudulent conveyances are almost identical to provisions of the New Jersey corporation laws regarding fraudulent transfers, compare N.J. Stat. Ann. sec. 25:2-10 through 25:2-13 (West 1970) (hereinafter "N.J.S.A.") with N.J.S.A. 14A:14-10, and the two sets of laws have been held in New Jersey to be in pari materia. Hartwell v. Hartwell Co., Inc.,167 N.J. Super. 91, 400 A.2d 529 (N.J. Ch. 1979). To establish Rauch's liability under New Jersey law as a transferee herein, respondent relies primarily upon the provisions of N.J.S.A. 14A:14-10(4), and secondarily upon the provisions of N.J.S.A. 14A:14-10(3). [7] We address respondent's primary contention first. *518 The stipulated facts in this case, upon which our findings are based, clearly show that Judal, one of the petitioners herein, distributed substantial funds in each of its fiscal years 1966 through *519 1969 through a straw party to Rauch and Cohen, its officers and shareholders. Such distributions were concealed in its books and records by falsely recording them as business expenses, and were falsely claimed as deductions in its corporate tax returns. The parties have stipulated, and we have found, that this course of conduct resulted in an understatement of the taxes properly owing by Judal to the Internal Revenue Service, and that the tax returns filed by Judal were fraudulent within the meaning of section 6653(b). It is thus clear that the gratuitous transfers of funds by Judal to Rauch and Cohen were done with the "actual intent * * * to hinder, delay, or defraud" the Federal fisc of its lawful taxes, within the precise language of N.J.S.A. 14A:14-10(4). The Federal government is a "creditor," and its taxes receivable are a "debt" within the meaning of the above statute. N.J.S.A. 14A:14-1(b), (c). [8] In view of the broad sweep of the cited New Jersey statutes, we need not hesitate over whether Judal's liability for tax in each of its fiscal years was fully matured or even known at the time the fraudulent transfers were made. See also Kreps v. Commissioner,supra; *520 Swinks v. Commissioner,51 T.C. 13, 17 (1968); Papineau v. Commissioner,28 T.C. 54, 58 (1957). In this case, we therefore hold that respondent has fully carried his burden of proof to show that Rauch is a transferee of Judal for the years here in issue under New Jersey law. We further hold that such transferee liability includes the liability for additions to the tax, as well as the tax itself, Estate of Gryder v. Commissioner,T.C. Memo. 1981-466, affd. 705 F.2d 336 (8th Cir. 1983). Furthermore, where, as here, actual fraudulent intent has been shown, as opposed to constructive intent, it is not necessary for respondent *521 to show that the transfers in question were done at a time when Judal was insolvent or was rendered insolvent thereby. The applicable New Jersey statute imposes no such requirement. N.J.S.A. 14A:14-10(4); cf. EstateofGryder v. Commissioner,supra;United States v. 58th Street Plaza Theatre, Inc.,287 F.Supp. 475, 498 (S.D.N.Y. 1968). In opposition to respondent's position, petitioners argue that respondent has failed to carry his necessary burden of proof to show that Rauch is liable under New Jersey law as a transferee of Judal. In support of this argument, petitioners make the following points: (a) The cases of Judal and Mr. and Mrs. Rauch (individually) were completely settled between the parties prior to trial herein on the basis of "stipulated decisions." (b) Such "stipulated decisions" were the result of compromise and negotiation between the parties, and do not provide any basis in this record for a factual finding by the Court that the gratuitous diversion of corporate funds from Judal to Rauch in the years in question was done with the actual intent to defraud or defect the collection of tax by respondent from Judal. *522 (c) The submission of much "stipulated decisions" in the "separate dockets" of Judal and Rauch (individually) cannot form the basis of the necessary factual findings of transferee liability in the case of Rauch as transferee, since, say petitioners, [w]hen the Court accepts the stipulated decisions it makes only a "pro forma" decision based upon an agreement between the parties to settle for reasons undisclosed. These decisions cannot be concluded, as respondent contends, to be admissions by Rauch which would suffice to sustain his burden of proof as to fraudulent intent to hinder or delay. [Citing United States v. International Building Company,345 U.S. 502 (1953).] Petitioners' arguments reveal a fundamental misunderstanding as to the posture of the parties before this Court, and the record which is before us. First, there are no separate dockets involving the three petitioners in this case. There is only one case before this Court, in which all the petitioners were joint petitioners. The extensive stipulations of fact which were entered into herein were made by all the petitioners, through their counsel, in a single case, and all the parties *523 are equally bound thereby. Rule 91(e). Second, contrary to petitioners' arguments, there were no "pro forma" stipulated decisions tendered to the Court by Judal and the Rauchs individually. Instead, this case was submitted to the Court under the provisions of Rule 122, based upon an extensive written stipulation of facts together with numerous joint exhibits. Such stipulation of facts included, in detail, the course of conduct by which Judal diverted its corporate funds into the hands of Rauch and Cohen in each of its fiscal years 1966 through 1969, and the amounts thereof. The stipulation further included the facts that the deficiencies of Judal, to which the parties agreed as part of the stipulation, directly grew out of the illegitimate diversion of corporate funds to Rauch and Cohen, and that the books of the corporation and the tax returns filed by Judal in conformity therewith, were false and fraudulent. [9]
*524 Although it is certainly true that the Court can and will enter decisions of deficiences in tax and additions to tax in accordance with the stipulations of the parties, we do not have in this case the situation where the parties (or some of them) present to the Court, a "stipulated decision" as to liabilities, which the Court simply enters without making any findings of underlying facts. Rather, this case -- a single case including all petitioners -- was presented to the Court for decision on the basis of complete written stipulations of facts and joint exhibits. The case was thus presented to the Court for a full resolution on the merits, including the finding of all relevant facts, and is entirely different from a case where a decision is entered by the Court pursuant to a stipulation of the parties, without any findings of fact or opinion going to the merits. Cf. United States v. International Building Company,supra.
Under our Rule 91(e), stipulated facts are just as effective in carrying a party's necessary burden of proof as unstipulated facts which may be *525 received into the record, e.g., by oral testimony of a witness or by the submission of exhibits by one party alone. [10]
As the Court of Appeals for the Second Circuit said in Kreps v. Commissioner,supra,351 F.2d 1, at 6: We hold this evidence [stipulated facts] was sufficient to discharge the Commissioner's burden on the issue of fraud. Surely the fact that the stipulated facts played a key role in establishing the Commissioner's case is irrelevant. A great many tax cases are litigated on stipulations of fact. If such stipulations establish the Commissioner's burden of proof, he need do no more. See Jaffee v. Commissioner,18 B.T.A. 372, affd. [on other grounds] 45 F.2d 679 (2d Cir. 1930). In sum, then, we hold that the stipulation of facts upon which this case was submitted contained all the necessary factual elements to establish the liability of Rauch as a transferee of Judal under the provisions of N.J.S.A. 14A:14-10(4); that respondent was entitled to rely on such stipulation of facts to *526 carry his necessary burden of proof on the transferee issue; that all parties to said stipulation of facts are equally bound thereby; and that Rauch is liable under New Jersey law as a transferee of Judal for each of the years before us, but not to exceed the amounts received from Judal in each such year, as shown in our findings of fact. United States v. 58th Street Plaza Theatre, Inc.,supra;Scott v. Commissioner,117 F.2d 36 (8th Cir. 1941); Transo Oil Corp. v. Commissioner,2 T.C.M. 974 (1943), 12 P-H Memo T.C. par. 43,473. Having so found and held, we need not consider respondent's alternative contention that Rauch is liable as a transferee "in equity" of Judal. To give effect to the stipulations of the parties with respect to the petitioners herein other than Rauch as transferee, Decisions will be entered under Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the years in issue, and all Rule references are to the Rules of Practice and Procedure of the Tax Court, except as otherwise noted.↩
2. Since the only issue presented herein for our decision is the transferee liability of petitioner Douglas P. Rauch, he will be referred to hereinafter as "Rauch."↩
3. So stipulated by the parties.↩
4. So stipulated by the parties, who further stipulated that petitioner Rosalie Rauch was not liable for said deficiencies or additions, pursuant to section 6013(e).↩
5. In pertinent part, section 6901 reads as follows: Section 6901. TRANSFERRED ASSETS. (a) Method of Collection. -- The amounts of the following liabilities shall, except as hereinafter in this section provided, be assessed, paid, and collected in the same manner and subject to the same provisions and limitations as in the case of the taxes with respect to which the liabilities were incurred: (1) Income, estate and gift taxes. -- (A) Transferees. -- The liability, at law or in equity, of a transferee of property -- (i) of a taxpayer in the case of a tax imposed by subtitle A (relating to income taxes), * * * (h) Definition of Transferee. -- As used in this section, the term "transferee" includes donee, heir, legatee, devisee, and distributee, * * *.↩
6. Section 6902 reads as follows, in pertinent part: SECTION 6902. PROVISIONS OF SPECIAL APPLICATION TO TRANSFEREES. (a) Burden of Proof.--In proceedings before the Tax Court the burden of proof shall be upon the Secretary or his delegate to show that a petitioner is liable as a transferee of property of a taxpayer, but not to show that the taxpayer was liable for the tax.↩
7. The cited provisions of the New Jersey statutes reads as follows: 14A:14-10. Fraudulent Transfers. * * * (3) Every transfer made and every obligation incurred without fair consideration when the corporation making the transfer or entering into the obligation intends to or believes that it will incur debts beyond its ability to pay as they mature, is fraudulent as to both present and future creditors. (4) Every transfer made and every obligation incurred by a corporation with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors of the corporation, is fraudulent as to both such present and future creditors. The corresponding provisions of N.J.S.A. 25:2-12 and 25:2-13↩ (the "equity" provisions) are identical, except that they are not limited solely to acts by corporations, but include other persons as well.
8. The cited statute, in relevant part, reads as follows: 14A:14-1. Definitions. As used in this chapter, and unless the context requires otherwise * * * (b) "creditor" means the holder of any claim, of whatever character, against a corporation, whether secured or unsecured, matured or unmatured, liquidated or unliquidated, absolute or contingent; (c) "debt" includes any legal liability, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent; * * *.↩
9. Both as to Judal and as to Mr. and Mrs. Rauch (individually), the parties stipulated that the deficiencies in tax were directly traceable to the diverted funds of Judal, and that the respective petitioners (except Mrs. Rauch) were liable for additions to tax under the provisions of section 6653(b)↩, meaning that such returns were fraudulent.
10. Indeed, stipulated facts may be even better, since the parties have already agreed to their truth and accuracy.↩