JOHN A. DAVIS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

C. DICKSON TITUS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 20703, 20705. Promulgated September 16, 1931.

*A. Calder Mackay, Esq.*, for petitioner John A. Davis.
*J. A. Lyon, Esq.*, and *E. L. Updike, Esq.*, for the respondent.

### OPINION.

LANSDON : These appeals, which have been consolidated for hearing and decision, involve the liability of the petitioners for assessment under section 280 of the Revenue Act of 1926, for the unpaid taxes of the Mountain Stores Company, a dissolved corporation of Denver, Colo.

During its brief existence the Mountain Stores Company was engaged in the retail mercantile business. In March, 1920, it sold all of its physical assets to the Piggly-Wiggly Company, and was dissolved in November, following. For the taxable periods respectively ended August 31, 1919, and January 31, 1920, the Mountain

Stores Company filed income and profit-tax returns; the first· on March 29, 1920, and the second on November 6, following. The respondent determined that this corporation understated its taxable income for each of these periods in said returns, and has asserted a deficiency in tax for the first period of $5,918.36, together with a penalty of $1,479.46; and, for the second, a deficiency of $16,272.01, making a total in deficiencies and penalties for the two periods of $23,669.83. These totals the respondent has separately asserted against each of these petitioners in letters mailed to, them, dated August 24, 1926, holding them to be distributees of the assets of this defaulting corporation and subject to such process in virtue of section 280, *supra.*

In the amended pleadings, upon which these appeals are submitted, the parties have joined issue on these questions of law and fact: First, the petitioners challenge the constitutionality of section 280, *supra;* second, they deny the basis of the liability against the corporation; third, they individually ·deny personal liability for the tax; and, fourth, they plead the statute of limitations against assessment. At the close of the hearing petitioner Davis moved for judgment on the record, which motion we took under advisement pending our final study of the record. That motion is now denied.

Upon the first and second of the above issues, in the order stated, we must hold against the contentions of the petitioners. This Board and the courts have repeatedly sustained the validity of section 280, *supra*, and, since we are bound by such holdings, no good purpose would be served by a discussion of that issue in this opinion. *Phillips* v. *Commissioner of Internal Revenue*, 283 U. S. 589.

On the second issue, no evidence was offered at the hearing to impeach the finding of the respondent in respect to the obligation of the original taxpayer, so his determination to that extent must be approved. Respecting the third issue, there is nothing specific in the record to show that petitioner Titus (Docket No. 20705), although a stockholder and officer, received anything whatever, by way of money or property, in the liquidation of the defaulting corporation. It is true that petitioner Davis, while on the witness stand, reluctantly conceded that he, himself, received the sum of $9,864, which he "supposed" was from the liquidation of his stock in that corporation; and, that later, when it was suggested to him that the other stockholders "received money on the same proportionate basis," he answered, "*as far as I know, yes.*" Yet that, we hold, is not sufficient proof to sustain a finding against Titus. Nor is this proof strengthened by the photostatic copy of the return filed by Titus for 1920,

which the respondent introduced in evidence. That return showed the receipt by Titus of the $11,483.07 from the sale of stock in that year; but the identity of the stock is not shown; and the purchaser named is the Piggly-Wiggly Company, which, if proof of anything in reference to the Mountain Stores Company stock, indicated a direct sale of it to that company and not its liquidation as claimed by the respondent. We think the respondent has wholly failed to sustain the burden of proof showing Titus to be a transferee of the assets of the defaulting taxpayer, and therefore hold in respect to his appeal (Docket No. 20705), that this assignment of error must be sustained.

In respect to the petitioner, Davis, we think the admissions made by him on the witness stand are sufficient to show that he received the sum of $9,864 realized from the sale of the assets of the dissolved corporation in liquidation of his stock and is, therefore, liable for that much of the deficiency asserted; provided, however, that the deficiency letter mailed to him on August 24, 1926, was so mailed within one year after the expiration of the five-year period allowed for assessment against the original taxpayer under section 250 (d) of the 1918 Act; as provided for in making assessments against transferees in the Act of 1926.

Returns for the periods involved were filed respectively on March 29 and November 6, of 1920. The bar of the statute for assessment against the corporation, therefore, fell as to the first of these on March 29, 1925, and as to the last on November 6 of the same year. The deficiency letter, then, which was mailed August 24, 1926, was within the time limit as to the last, but after the bar had fallen as to the first. The respondent introduced in evidence two waivers, purporting to have been executed by the corporation more than four years after it was dissolved, which he claims extended the time for assessment in both of these periods. Whether or not these waivers were effective for the purposes intended, becomes immaterial to the decision we are bound to make under the facts shown, since the assessment as to the last period was timely made without the waiver and must be sustained. It being conceded that Davis received $9,864 in liquidation of his stock in the Mountain Stores Company, he is liable to that amount for the unpaid tax assessed for that period against such company.

*In Docket No. 20705 judgment of no deficiency will be entered. In Docket No. 20703 a judgment for a deficiency in the sum of $9,864 will be entered.*