Oma C. Morrow v. Commissioner.
Morrow v. Commissioner
Docket No. 8878.
United States Tax Court
1948 Tax Ct. Memo LEXIS 257; 7 T.C.M. (CCH) 54; T.C.M. (RIA) 48014; February 6, 1948
*257 Thomas A. Wofford, Esq., and Alfred F. Burgess, Esq., for the petitioner. Bernard D. Htchcock, Esq., for the respondent. JOHNSON
Memorandum Findings of Fact and Opinion JOHNSON, Judge: The Commissioner determined against petitioner transferee liability for income tax deficiencies and penalties determined against petitioner's deceased father, Thomas Earl Morrow, as follows: 25%
50%
Year
Deficiency
Penalty
Penalty
1940
$ 306.69
$ 76.67
$ 153.35
1941
2,576.68
644.17
1,288.34
1942
4,069.62
1,017.40
2,034.81
1943
887.78
221.95
443.89 Admitting that before death decedent conveyed real estate to him, petitioner denies transferee liability, contending that the conveyance was for valuable consideration and that respondent has not established decedent's insolvency by virtue of the conveyance. Findings of Fact Petitioner, an individual residing near Landrum, South Carolina, is the son of Thomas Earl Morrow, who died in December 1944 at the age of 78 years. The decedent practiced medicine at Landrum and vicinity for about 50 years; he became a morphine addict before 1915, and during the latter part of his life was in bad physical *258 condition. He and his wife lived near Landrum on a 190-acre farm, which his wife owned. The wife also owned a 72-acre tract and a lot in the town of Inman, South Carolina. On September 2, 1940, the wife died intestate, and decedent requested petitioner and petitioner's wife, who were then living on a farm three and a half miles away, to reside with him and take care of him, saying that he wanted them to have the "home place," meaning the farm where he lived. Petitioner's wife was a practical nurse with experience, and decedent, being an invalid, required attention. Petitioner and his wife complied with decedent's request, promptly moving into the house occupied by him and living there with him until his death four years later. They cared for him at home and on occasions when he was taken to a hospital for treatment, petitioner's wife accompanied him and attended him there. Decedent's wife left as surviving heirs her husband, petitioner, and a daughter, Mrs. Lillian Morrow Hawkins, each of whom inherited a third of her property. On January 8, 1944, three deeds were executed by the several heirs, each "in consideration of Five Dollars and the partition of property." By one deed decedent *259 and Lillian Morrow Hawkins conveyed to petitioner "the home place," containing "One Hundred and Ninety (190) acres, more or less." By a second deed decedent and petitioner conveyed to Lillian Morrow Hawkins the 72-acre tract, and by a third deed they conveyed to her the lot in Inman, S. C. Each of the three deeds contains the following recitation and provision: "* * * the parties hereto are the only heirs at law and distributees of the said Hattie E. Morrow, deceased intestate. "Reserving, however, unto the said T. E. Morrow a life estate in the whole of the property herein conveyed." At the time of decedent's death the "home place," which was improved with a nineroom residence and three smaller tenant houses, had a fair market value of $12,000. The decedent filed no income tax returns for the years 1940, 1941, 1942 and 1943. He was once indicted for the illegal sale of narcotics and pleaded guilty to the charge. Petitioner's wife testified for the prosecution and an indictment against her was nolle prossed. On August 31, 1946, income taxes and penalties for the years in controversy were assessed against decedent in the amounts above set forth as determined. A first notice *260 of the proposed assessment was mailed on September 7, 1945, to Thomas Earl Morrow, then deceased, and no reply was received. A distraint warrant was issued on September 21, 1945, and on October 19, 1945, the deputy collector at Greenville, S.C., reported to the collector that Morrow had died, "leaving no real or personal property," and that on January 8, 1944, he had made the conveyances of real estate above described. Opinion Alleging lack of knowledge about his father's income and illegal sales of narcotics, petitioner offered no evidence to rebut the determined deficiencies in tax, and we therefore approve them as presumptively correct. Kizzie Gordon, 27 B.T.A. 377; John A. Davis, 24 B.T.A. 36. But, as he argues, the Commissioner rests under the burden of affirmatively establishing petitioner's liability as transferee. Section 1119 (a), Internal Revenue Code. The evidence establishes that in January 1944 decedent transferred his interest in a 190-acre farm to petitioner and his interest in two other parcels of real estate to a daughter. The value of the farm, improved with four houses, was appraised by a local real estate dealer *261 at $12,000, and we have so found it, ignoring vague testimony by petitioner's wife that 20 acres had been sold prior to the transfer since the deed to petitioner purports to convey all 190 acres. But as the properties conveyed formed all or part of the unadministered estate of decedent's wife, who had died in 1940, decedent inherited only a one-third interest in them, Code of South Carolina, chapter 174, section 8906, and hence the conveyance which respondent has proved covers only an undivided third of the farm. That third, it should be noted, is subject to some adjustment by virtue of decedent's reserved life estate, but as this reservation is applicable to the whole, it would seem exactly compensated by decedent's acquisition of a life estate in the undivided third which petitioner himself inherited. Petitioner resists transferee liability on two grounds. He argues that he was a bona fide purchaser of the property for value, and to support this claim, his wife testified that on requesting her and petitioner to move in and take care of him, decedent said: "I want you and Oma [petitioner] to have the home place." While their compliance with this request is commendable, we are *262 unable to construe it as the performance of a contract. The aged father seems merely to have expressed his desires about "the partition and division of property" which his wife left, the expressly recited purpose of the three deeds. We do not find, therefore, that the conveyance to petitioner was supported by the consideration of care and nursing attention. Cf. Margaret Wilson Baker, 30 B.T.A. 188; aff'd, other point (C.C.A., 3rd Cir.), 81 Fed. (2d) 741. With more color petitioner contends that respondent has failed to meet his burden of proving that by the conveyance decedent divested himself of assets with which to pay his accrued taxes. If he has so failed, he has not established transferee liability, and the assessment of decedent's taxes against petitioner can not be sustained. Annie Troll, 33 B.T.A. 598. Respondent's evidence consisted solely of the testimony of a collector of internal revenue who on the basis of official records stated that a distraint warrant was issued for collection of the taxes on September 21, 1945; that it had been returned unsatisfied by the deputy collector at Greenville, S.C., with the report that decedent *263 had died, "leaving no real or personal property" and that on January 8, 1944, decedent had made the described conveyances of real estate. There is no evidence of or reference to decedent's insolvency immediately after the conveyances, and in this state of the record we must hold that petitioner's liability as a transferee for the taxes and additions thereto determined against decedent has not been established. Terrace Corporation, 37 B.T.A. 263. Decision will be entered for the petitioner.