## THE ZEALANDIA.

*(District Court, D. California. January 13, 1886.)*

SHIPPING—DAMAGE TO CARGO—PERILS OF THE SEA.
. Where a cask of oil, which is lashed securely as against all ordinary weather, breaks loose during an extremely violent gale, and causes injury to other goods, the damage must be attributed to a peril of the sea, especially when it appears that such accidents are not infrequent.

In Admiralty. Libel for damages to cargo.
*J. D. Redding*, for libelants.
*Milton Andros*, for claimants.

HOFFMAN, J. The proofs show, I think, to a demonstration, that the very great damage sustained by the hides in question in this suit could not have been caused by the negligence of the carriers. If any confidence can be placed in human testimony, we must believe that the ship was stanch and dry, and that no water found access to the hides by the leakage of the vessel. This is shown, not only by the testimony of the master and all his principal officers, but by the evidence of the very capable and reliable surveyors, who examined the after-hold with the special object of ascertaining whether any signs of leakage could be discovered. It also appears that the vessel has conveyed several shipments of hides from Sydney to this port, stowed in the same place and same manner as the hides in question, without damage. She has also made two voyages since delivering the hides, with cargo in the after-hold, which was de-

livered in good order, the vessel in the mean time having undergone no repairs whatever. It is impossible; I think, to attentively peruse this testimony without coming to the conclusion that this extraordinary and unprecedented condition of the hides when delivered, whatever may have been the cause, cannot be attributed to the fault of the carrier. The damage to the skins was caused by this breaking adrift of a cask of oil in the between-decks. The testimony shows that the ship encountered weather of extreme violence; that the cask was securely lashed, and broke away during a tempest,—an accident, it is said, of not infrequent occurrence. I should have thought that an accident of this character might be prevented by the exercise of proper care on the part of the carrier, but on the proofs I feel obliged to decide that in this case it must be attributed to perils of the sea. Libel dismissed.