THEODATE POPE RIDDLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 54421.   Promulgated April 28, 1933.

*Otto C. Weirum, Esq.*, for the petitioner.
*Prew Savoy, Esq.*, for the respondent.

OPINION.

ARUNDELL: The respondent determined a deficiency in income tax for the year 1928 in the amount of $1,761.40.   The controversy arises out of awards made to petitioner for personal injuries suffered and property lost in the sinking of the steamship Lusitania in 1915.   The Mixed Claims Commission, United States and Germany, awarded petitioner damages of $4,850 for loss of personal property, with interest from May 7, 1915, and $15,000 for personal injuries, with interest from November 1, 1923.   The sums awarded, with interest, were paid to petitioner in 1928.

The amount of the award for property loss, $4,850, plus the interest thereon of $3,206.18, less expenses of $40.28, was included by respondent in petitioner's income for 1928.   This action of the respondent was assailed as erroneous and was the sole issue framed by the original pleadings.   Counsel for respondent now concedes that the award of $4,850 was not in excess of the basis for gain or loss—the March 1, 1913, value—hence it gave rise to no taxable income.   Counsel for petitioner concedes that the interest on the property loss award represented taxable income.   These concessions, in which we concur, dispose of the original issue.

At the hearing, upon motion granted, counsel for respondent amended his answer to allege error in failing to include in income the interest of $3,422.61 ($3,439.81 less expenses of $17.20 retained by the Mixed Claims Commission) on the. award for personal injuries, and claimed an increased deficiency.   There is no controversy as to the award of $15,000, in view of section 22 (a) (5) of the Revenue Act of 1928, which excludes from gross income damages received on account of sickness or injuries.   Thus the only question for decision is whether the interest paid on the award should be included in income.

Section 22 of the Revenue Act of 1928, relating to gross income, reads as follows:

(a) *General definition.*—" Gross income " includes gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever.

The difference between the parties is whether the amount specifically designated as interest when paid was interest as a matter of law, or whether it was a part of the amount of damages awarded.

One of the rules promulgated by the Mixed Claims Commission (Administrative Decision No. III, Consolidated Decision and Opinion, p. 61), reads in part:

There is no basis for awarding damages in the nature of interest where the loss is neither liquidated nor the amount thereof capable of being ascertained by computation merely. In claims of this class no such damages will be awarded, but when the amount of the loss shall have been fixed by this Commission the award will bear interest from its date. To this class belong claims for losses based on personal injuries, death, maltreatment of prisoners of war, or acts injurious to health, capacity to work, or honor.

This ruling would appear to be in line with that established by the decided cases. In *Roberston* v. *Miller*, 286 Fed. 503, 510, it is held:

The rule in this circuit is that no interest can be allowed at law where the damage is uncertain or unascertainable at the time of the commencement of action, or in other words, where the damages are unliquidated.

That case was affirmed in *Miller* v. *Robertson*, 266 U. S. 258, the court saying:

Generally, interest is not allowed upon unliquidated damages. *Mowry* v. *Whitney*, 14 Wall 620, 653. But when necessary in order to arrive at fair compensation, the court in the exercise of a sound discretion may include interest or its equivalent as an element of damages.

But these cases stop short of the question we have. Although interest, *eo nomine*, is not allowable in fixing the amount of damages, it does not follow that interest may not be added to the amount of the award, which by the judgment becomes a liquidated sum. The cases that have come to our attention indicate that, in the absence of statute, this may be done. In *Arizona & N. M. Ry. Co.* v. *Clark*, 207 Fed. 817, a suit for damages for personal injuries, the Circuit Court of Appeals sustained the District Court's allowance of " interest on the amount of the verdict from the date of the judgment." That case was affirmed by the Supreme Court, 235 U. S. 669, though the matter of interest does not appear to have been in controversy before it. In *Ortolano* v. *Morgan's L. & T. R. & S. S. Co.*, 109 La. 902; 33 So. 914, the suit was for damages for personal injuries resulting in death. The trial court awarded damages with interest there-

on "from judicial demand until paid." The Supreme Court amended the judgment by reducing the amount of damages awarded, and "making the amount of the judgment bear legal interest from the date of the judgment of the district [trial] court * * * until paid."

The rule that we draw from the above cases is that interest is properly allowable upon a judgment or award of damages for personal injuries when the amount of the damages has been ascertained and reduced to judgment. Apparently that is what occurred here. The Mixed Claims Commission fixed the measure of damages at $15,000 and allowed interest as such on that amount until paid, and not as a part of the damages. The computations made by officials of the United States Treasury Department in figuring the amount that was paid to petitioner are in evidence, and in these, after stating the amount of the "principal of the award," $15,000, the interest is separately computed and specifically designated as interest.

We accordingly hold that the amount of $3,422.61 was paid to and received by petitioner as interest, and as such is includable in income.

*Decision will be entered under Rule 50.*