MARINE TRANSPORT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

WILLIAM J. NORVILLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MRS. W. B. BELLINGRATH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

PEYTON NORVILLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 51492, 54015–54017. Promulgated June 28, 1933.

*Geo. E. H. Goodner, Esq.,* for the petitioners.
*De Witt M. Evans, Esq.,* for the respondent.

OPINION.

LANSDON: The petitioners contend, first, that the award of the Mixed Claims Commission should not be taxed since it does not fall within the statutory [1] and judicial [2] definitions of income. Petitioners argue that the loss was total and final in 1917 and that at that time and for some years thereafter, the taxpayer had no legal basis for recoupment since this country was at war with Germany, and that the final award was an act of grace due to the action of our Government and in the nature of a gift. In our opinion there is no merit in this contention. In 1917 the taxpayer used its capital in the

[1] SEC. 22, GROSS INCOME.

(a) *General Definition.*—" Gross income " includes gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever.

[2] After full consideration the court declared that income may be defined as " gain derived from capital * * * including profit gained through sale or conversion of capital. *Bowers* v. *Kerbaugh-Empire Co.*, 271 U.S. 170, 46 S.Ct. 449."

amount of $32,200 to purchase and provision a ship that was later destroyed by a German submarine. In 1928 it received $61,589.25 on account of the loss of its investment in property which had been destroyed. This amount arose from petitioners' investment of its capital for purposes of profit and in our opinion was income in the year in which it was received. *Burnet* v. *Sanford & Brooks Co.*, 282 U.S. 359.

Petitioners' second contention is that even if the award of the Mixed Claims Commission results in income, only that part thereof which is in excess of the cost of the destroyed property is taxable under the provisions of section 111 (a) and 113 (a) of the Revenue Act of 1928.[3] The involuntary conversion of the property acquired in 1917 at a cost of $30,000 into cash by the destruction thereof and the subsequent award of the Mixed Claims Commission was, in our opinion, not a sale or other disposition that brings the facts here within the meaning of the statutory rules relied on by the petitioners. *Mitchell* v. *Commissioner*, 48 Fed. 697.

The taxpayer here sustained a loss in 1917 and reduced its tax liability for that high tax year by claiming and being allowed the amount thereof as a deduction from its gross income for that year. In *Burnet* v. *Sanford & Brooks Co.*, *supra*, the principle was laid down that recoveries on losses previously claimed and allowed constitute income as and when received. See also *Commissioner* v. *Liberty Bank & Trust Co.*, 59 Fed. (2d) 320. Under this decision and others of like tenor, it is clear to us that there is no basis for the petitioners' contention that the income received in the taxable year should be reduced by the amount of the loss that taxpayer sustained in 1917 and that was allowed as a deduction from its income in that year.

As a third point, counsel argues that the interest received as a part of the award is not taxable income. In *Theodate Pope Riddle*, 27 B.T.A. 1339, this question was decided adversely to the contention of the petitioners.

Since each of the petitioners at Dockets 54015, 54016, and 54017 as a stockholder received assets of the taxpayer in excess of the deficiency, it follows that each is liable for the full amount thereof as redetermined. *Grand Rapids Nat. Bank*, 15 B.T.A. 1166.

Reviewed by the Board.

*Decision will be entered for the respondent.*

---

[3] [Sec. 111.] (a) *Computation of gain or loss.*—Except as hereinafter provided in this section, the gain from the sale or other disposition of property shall be the excess of the amount realized therefrom over the basis provided in section 113, and the loss shall be the excess of such basis over the amount realized.

[Sec. 113.] (a) The basis of determining the gain or loss from the sale or other disposition of property acquired after February 28, 1913, shall be the cost of such property; * * *