W. W. CLEVELAND, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

E. D. FLYNN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

McINTYRE LUMBER & EXPORT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 64585, 64586, 67860, 68238, 68239.   Promulgated June 28, 1933.

*Geo. E. H. Goodner, Esq.*, and *Walter K. Smith, C. P. A.*, for the petitioners.

*Warren F. Wattles, Esq.*, for the respondent.

## OPINION.

LANSDON : The petitioners' first contention is that as the respondent mailed no deficiency notices to the taxpayer for the years 1928 and 1929, no tax liability has been determined against the transferor and therefore none can be asserted against the transferees, and that even if the deficiencies in question existed, as a matter of fact and law, the statute of limitations had run as to any assessment against the taxpayer prior to the date at which the deficiency notices were mailed to the petitioners.

In our opinion the first point in petitioners' contention, as above set out, is without merit. A deficiency is not created by any act of the respondent, but by the facts and the legal significance thereof as set out in the taxpayer's income tax return.[1] The so-called " 60-day letter " is no more than notice to the taxpayer that the amount of a deficiency disclosed by its return has been determined under the applicable statute. In our opinion no assessment, notice, or other act of the respondent is necessary to establish liability for income

---

[1] [Sec. 271 (a), Revenue Act of 1928.] As used in this title in respect of a tax imposed by this title " deficiency " means—

(a) The amount by which the tax imposed by this title exceeds the amount shown as the tax by the taxpayer upon his return; but the amount so shown on the return shall first be increased by the amounts previously assessed (or collected without assessment) as a deficiency and decreased by the amounts previously abated, credited, refunded or otherwise repaid in respect of such tax * * *.

taxes. We think that any deficiency existing at the date of a transfer of assets is a liability against such assets under the trust fund theory. *United States* v. *Garfunkel*, 52 Fed. (2d) 727; *Helen Dean Wright*, 28 B.T.A. 543.

The question here raised by the petitioners is material only as to whether the respondent exhausted all means to collect the unpaid taxes from the taxpayer before he proceeded against its stockholders as transferees of assets impressed with a trust in favor of the revenue. The record shows that during the years under review the taxpayer had no assets other than its receipts from the Commission and that such receipts were distributed to the petitioner as and when received. At March 4, 1932, the date at which respondent determined the liabilities of petitioner under section 311 of the Revenue Act of 1928, the taxpayer had no assets, and the respondent was without any means to enforce the collection of the deficiencies in question. In these circumstances it is clear that liabilities against the petitioners were properly determined unless barred by the statute of limitations at the date of such determination.

The income tax returns of the taxpayer for the years 1928 and 1929 were timely filed not later than March 15 of the years 1929 and 1930, respectively. Under the Revenue Act of 1928 the statute of limitations runs two years after the date of filing the return required by law.[2] The exception in section 275 (a) relates to false returns or no returns and has no bearing on the issue here. It follows, therefore, that unless lawfully extended the periods of limitation expired against the taxpayer on March 15, 1931 and 1932, respectively. The liability notices were mailed on March 4, 1932, at which date the statute had run against the taxpayer for any deficiency due on account of its return for 1928, but not for the year 1929. The Revenue Act of 1928 gives the respondent one year after the expiration of the period of limitations against the taxpayer to assert liability against a transferee.[3] Since the notices of liability against the pe-

---

[2] [Sec. 275.] Except as provided in section 276—

(a) *General rule.*—The amount of income taxes imposed by this title shall be assessed within two years after the return was filed, and no proceeding in court without assessment for the collection of such taxes shall be begun after the expiration of such period.

[3] [Sec. 311.] (b) *Period of limitation.*—The period of limitation for assessment of any such liability of a transferee or fiduciary shall be as follows:

(1) In the case of the liability of an initial transferee of the property of the taxpayer,—within one year after the expiration of the period of limitation for assessment aganst the taxpayer;

(2) In the case of the liability of a transferee of a transferee of the property of the taxpayer,—within one year after the expiration of the period of limitation for assessment against the preceding transferee, but only if within three years after the expiration of the period of limitation for assessment against the taxpayer;—

except that if before the expiration of the period of limitation for the assessment of the lability of the transferee, a court proceeding for the collection of the tax or liability in respect thereof has been begun against the taxpayer or last preceding transferee, respectively,—then the period of limitation for assessment of the liability of the transferee shall expire one year after the return of execution in the court proceeding.

582

titioners for the unpaid tax of the taxpayer for 1928 were mailed on March 4, 1932, which was within one year after the period of limitation had run against the taxpayer, the action of the respondent was timely as to that year.

Counsel for petitioners also contends that petitioners Flynn and Cleveland are not liable for the taxes of the taxpayer from the years 1928 and 1929 since in each of such years the taxpayer had assets sufficient to pay its own taxes. The record does not support this contention. The taxpayer's only assets in all the taxable years here involved were its receipts from the Commission and its interest in the unpaid balance of the awards thereof at the end of each of such years. At January 1, 1931, the award was unpaid to the extent of $20,565.02, but this amount was a mere claim against the United States dependent upon an appropriation by Congress and can hardly be regarded as property subject to distraint for unpaid taxes. It is also clear that even this amount was received and distributed prior to the respondent's determination of liability against the petitioner and that at the date of such determination the taxpayer had no assets. On this point the contention of the petitioners is overruled.

Petitioners' final contention is that in no event can the award of the Commission be regarded as income. This issue was decided in *Marine Transport Co.*, 28 B.T.A. 566 and that decision is controlling here. The destroyed properties cost $77,000 in 1917. In the same year all the loss sustained except $10,333.34 was recouped by insurance. In 1918 the remainder of the cost was deducted from income as a loss in that year and such deduction was allowed by the respondent. It follows in conformity with our decision in *Marine Transport Co.*, *supra*, that the entire amounts realized from the awards of the Commission were taxable income as and when received.

The record discloses that petitioners Cleveland and Flynn, as stockholders of the taxpayer, each received assets thereof in excess of the liabilities asserted against the taxpayer. It follows that each is liable for the unpaid income taxes of the taxpayer for the years 1928, 1929, and 1930. *Grand Rapids Nat. Bank*, 15 B.T.A. 1166.

Reviewed by the Board.

*Decision will be entered for the respondent.*