NEW ORLEANS LAND COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 48003. Promulgated September 14, 1933.

*Arthur A. Moreno, Esq.*, for the petitioner.
*Warren F. Wattles, Esq.*, for the respondent.

OPINION.

LANSDON: The respondent has determined a deficiency in income tax for the year 1927, in the amount of $39,528.90. The only issue is whether certain amounts received by the petitioner in the taxable year represented interest on obligations of the city of New Orleans and so were exempt from Federal income tax under the provisions of section 213 of the Revenue Act of 1926.[1] The facts are not in dispute and are stipulated as follows:

That the New Orleans Land Company was the owner of a certain tract of land located in the city of New Orleans, and that on November 24, 1925, the New Orleans Land Company entered into an agreement with the city of New Orleans;

It is further stipulated that on February 2, 1926, by act before Robert Legier, Notary Public in and for the Parish of Orleans, the New Orleans Land Company transferred to the City of New Orleans the land described as Tract No. 1 for the recited consideration of $200,000;

That on February 2, 1927, by act before Robert Legier, Notary Public in and for the Parish of Orleans, the New Orleans Land Company transferred to the city of New Orleans the land described as Tract No. 2, for the recited consideration of $212,000;

That on December 16, 1927, by act before Robert Legier, Notary Public in and for the Parish of Orleans, the New Orleans Land Company transferred to the city of New Orleans, the land described as Tracts Nos. 3, 4, 5, 6, 7, 8, 9, and 10 for the recited consideration of $1,750,266.66;

That all of these transfers were made in accordance with the rights and obligations in the agreement entered into between the city of New Orleans and the New Orleans Land Company on November 24, 1925;

---

[1] Sec. 213. For the purpose of this title * * *

(a) The term "gross income" includes gains, profits and income * * * from * * * trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * *

(b) The term "gross income" does not include the following items, which shall be exempt from taxation under this title:

* * * * * * *

(4) Interest upon (A) the obligations of a State, Territory, or any political subdivision thereof, or the District of Columbia; * * *

That the New Orleans Land Company, in making its income return for the year 1927, did not return the sum of $192,266.66, which it calculated or claimed as interest and as exempt income under the terms of the agreement of November 24, 1925; that if no part of the sum or sums received by the petitioner upon the transfer of Tracts Nos. 2 to 10, inclusive, is interest within the meaning of the Revenue Acts and exempt income under the law, then there is due an additional tax of $39,528.90 from this petitioner for the year in issue.

The contract of sale, attached to the stipulation as Exhibit A, contains the following provisions which are material to the issue here:

This agreement made this 24th day of November, 1925, by and between the City of New Orleans, represented herein by Martin Behrman, its Mayor, hereinafter called the "Purchaser", party of the first part, and the New Orleans Land Company, of New Orleans, Louisiana, represented herein by George Dendinger, its President, hereinafter called the "Vendor", party of the second part:

WITNESSETH:

Paragraph One. The party of the second part does hereby agree to sell to the party of the first part, who agrees to buy for the price of Two Hundred Thousand Dollars ($200,000) to be paid simultaneously with the signing of the deed, on or before February 1, 1926, the lands mentioned and described as Tract No. 1 on the plan annexed hereto and made a part hereof as Exhibit A, which plan has been signed by the parties hereto for identification herewith, and which land is more particularly described as follows:

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

Paragraph Two. For and in consideration of the purchase of the land mentioned and described in Paragraph One hereof, and only in the event said land has been actually paid for on or before February 1st, 1926, as provided for in Paragraph One, an option is hereby granted by the party of the second part to the party of the first part to purchase on or before February 1, 1927, for the sum and price of Two Hundred Thousand Dollars ($200,000) with six per cent interest thereon from February 1, 1926, the land mentioned and described as Tract No. 2, of the plan annexed to and made a part of this agreement as Exhibit A, which land is more particularly described as follows:

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

Paragraphs 3, 4, 5, 6, 7, 8, 9, and 10 are similar to 1 and 2. Paragraphs 11 and 12 are as follows:

Paragraph Eleven. The ten (10) tracts of ground hereinabove mentioned and described are located in the City of New Orleans and are bounded on the north by a line Four Hundred (400) ft. north of and parallel to Adams Avenue, on the west by Orleans Blvd., on the south by Taylor Avenue and on the east by Bayou St. John, as per sketch and map attached hereto and made a part thereof.

Paragraph Twelve. It is understood and agreed that the party of the first part shall have the right, at any time after Tract No. 1 has been purchased and paid for, to exercise in numerical order the options hereinabove given, by giving Sixty (60) days' written notice and paying to the party of the second part simultaneously with the signing of the deed the sum of Two Hundred Thousand Dollars ($200,000) with six per cent interest from February 1, 1926, for each tract of land conveyed.

&ast; &ast; &ast; &ast; &ast; &ast; &ast;

The deed transferring title from the petitioner to the city of New Orleans of tract No. 1, attached to the stipulation as Exhibit B, after the recitation of formal matters and terms, includes the following:

Who [president of petitioner] declared that in consideration of the sum and price hereinafter mentioned, he does by these presents, grant, bargain, sell, convey, transfer, assign, abandon, deliver and set over without any warranty whatsoever, insofar as the land involved in the suit entitled " State of Louisiana versus New Orleans Land Company, No. ——— of the Docket of the Civil District Court for the Parish of Orleans ", even as to the restitution of purchase price but with lawful warranty, however, limited as to the restitution of the purchase price as to all other portions and with full substitution and subrogation to all the rights and actions of warranty which the New Orleans Land Company has or may have against all former vendors, unto

\*       \*       \*       \*       \*       \*       \*

This sale is made and accepted for and in consideration of the sum of Two hundred Thousand Dollars, cash, which the vendor acknowledges to have received from the purchaser and for which full acquittance and discharge is hereby granted.

The deed transferring title to tract No. 2 from the petitioner to the city of New Orleans, after formal recitals, contains the following:

\*       \*       \*       \*       \* .       \*       \*

Who [president of petitioner] declared that in consideration of the sum and price hereinafter mentioned, he does by these presents, grant, bargain, sell, convey, transfer, assign, abandon, deliver and set over with lawful warranty and with full substitution and subrogation to all the rights and actions of warranty which the New Orleans Land Company has or may have against all former vendors, unto

\*       \*       \*       \*       \*       \*       \*

A CERTAIN TRACT OF LAND, situated in the Second District of the City of New Orleans, being Tract No. 2, lying immediately adjacent to and west of Tract No. 1, which tract No. 1 is fully described in the deed from the New Orleans Land Company to the City of New Orleans, passed before Robert Legier, Notary Public, on the second day of the Month of February, in the year 1926, said Tract No. 2 being more particularly described as follows:

\*       \*       \*       \* .       \*       \*       \*

This sale is made and accepted for and in consideration of the sum of Two Hundred and Twelve Thousand Dollars ($212,000) cash, which the vendor acknowledges to have received from the purchaser and for which full acquittance and discharge is hereby granted.

By reference to the hereto annexed certificates from the Register of Conveyances and Recorder of Mortgages, it does not appear that said vendor has previously alienated said property or that same is encumbered with any mortgages whatsoever.

\*       \*       \*       \*       \*       \*       \*

The deed transferring title to tracts nos. 3, 4, 5, 6, 7, 8, 9, and 10 from the petitioner to the city of New Orleans, excluding formal recitals and descriptions, contains the following:

Who [president of petitioner] declared, that in consideration of the sum and price hereinafter mentioned, he does by these presents, grant, bargain, sell,

38

convey, transfer, assign, abandon, deliver and set over with lawful warranty and with full substitution and subrogation to all the rights and actions of warranty which the New Orleans Land Company has or may have against all former vendors, unto

\* \* \* \* \* \* \*

This sale is made and accepted for and in consideration of the sum of One Million, Seven Hundred Fifty Thousand, Two Hundred Sixty-six and 66/100 Dollars ($1,750,266.66) Cash, which the vendor acknowledges to have received from the purchaser and for which full acquittance and discharge is hereby granted.

Upon audit of petitioner's income tax return for the taxable year, the respondent disallowed petitioner's claim that the amount of $192,226.66 represented interest on obligations of the city of New Orleans, added such amount to petitioner's gross income for that year and determined the deficiency here in controversy.

The petitioner is a Louisiana corporation, with its principal office at New Orleans. Its sole contention here is that the amount of $192,266.66 received, as claimed by it, as interest on obligations of the city of New Orleans is exempt from taxation under the provisions of section 213 (b) (4) of the Revenue Act of 1926. Apparently this contention is based on the theory that the agreement incorporated in the stipulation as Exhibit A was a contract under which the city of New Orleans purchased, or agreed to purchase, the entire tract of 2,000 acres here involved.

Careful study of the agreement and of the deeds conveying title to the successive tracts, as finally purchased and paid for by the city of New Orleans, does not sustain the claim of petitioner. Paragraph " One " of the agreement provides for the sale of tract No. 1, on or before February 1, 1926, for $200,000 in cash. Upon the accomplishment of that transaction, the city of New Orleans acquired an option to purchase tract No. 2 at any time before February 1, 1927, for $200,000, with 6 percent interest thereon from February 6, 1926, but was under no enforceable obligation to make that purchase. The deed transferring tract No. 2 recites that " This sale is made and accepted for and in consideration of the sum of $212,000, cash." Similarly, the deed transferring the eight remaining tracts recites that " This sale is made and accepted for and in consideration of the sum of $1,750,266.66, in cash." In our opinion each of the sales in question was made for cash and there was, at no time, any obligation of the city of New Orleans to pay interest. There was no point of time between November 4, 1925 and December 16, 1927, at which the city of New Orleans owed any money to the petitioner in connection with the sales in question. We think it follows that if there was no debt, no money withheld, and no obligation to pay money, there was no agreement, contract or obligation to pay

interest. Cf. *Kansas City Southern Ry. Co.*, 16 B.T.A. 665; affd., 52 Fed. (2d) 372; certiorari denied, 284 U.S. 676; *Leo M. Klein*, 26 B.T.A. 745; *Marine Transport Co.*, 28 B.T.A. 566; *W. W. Cleveland*, 28 B.T.A. 578.

*Decision will be entered for the respondent.*