25 F.3d 1048
 74 A.F.T.R.2d 94-5001
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rosemary S. KOVACS, et al., Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 93-1637.
 United States Court of Appeals, Sixth Circuit.
 June 9, 1994.
 
 Before: NORRIS and DAUGHTREY, Circuit Judges, and GILMORE, Senior District Court Judge.*
 PER CURIAM.
 
 
 1
 In this appeal from the United States Tax Court, we are asked to decide whether interest paid on an award of damages for wrongful death is excludable as income under section 104(a)(2) of the Internal Revenue Code. That provision of the tax code excludes from gross income "the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness...." 26 U.S.C. Sec. 104(a)(2) (emphasis added). "Interest," on the other hand, is included in gross income under section 61(a)(4) of the Code. 26 U.S.C. Sec. 61(a)(4).
 
 
 2
 The Tax Court upheld the Commissioner's determination that the amounts in dispute here were subject to taxation as gross income to the petitioners. We agree and affirm.
 
 
 3
 The facts in this case were stipulated in the Tax Court. The petitioners are the widow and three surviving daughters of Charles L. Kovacs, who was killed in 1976 when the truck he was driving was struck by a locomotive operated by the Chesapeake and Ohio Railroad Company. Suit for wrongful death was filed on behalf of his estate in Michigan state court, resulting in a 1982 damage award of $995,000. In 1987, after exhausting the appeals process, the railroad paid the petitioners a total of $2,254,741.70, which included the sum of the damages, plus $6,134.53 in costs and $1,253,607.17 in statutory interest.
 
 
 4
 After receiving their pro rata shares of the railroad's payment, the petitioners did not report any of the amounts as gross income (but also did not deduct any part of their attorneys' fees, totalling some $750,000, as expenses). The Commissioner subsequently notified the petitioners of substantial deficiencies for the tax year 1987, based on their failure to include as gross income the amounts calculated as interest on the original damage award. The taxpayers promptly petitioned the Tax Court for a redetermination, arguing that the interest in question was an element of damages under Michigan state law and, therefore, non-taxable as gross income.
 
 
 5
 In a split opinion,[1] the Tax Court upheld the Commissioner's determination and further held that the petitioners could deduct the attorneys' fees attributable to interest, under section 212(1) of the Internal Revenue Code. See 26 U.S.C. Sec. 212(1). In doing so, the court analyzed in detail the federal precedents controlling the tax law questions raised in this case, relying principally on the Board of Tax Appeals's seminal opinion in Riddle v. Commissioner, 27 B.T.A. 1339 (1933), and on the Tax Court's recent opinion in Aames v. Commissioner, 94 T.C. 189 (1990). It also analyzed Michigan statutory and case law precedents controlling the distinction between damages and interest as a matter of state law. Moreover, the majority opinion responded to the argument raised by the dissenters concerning the continued validity of Riddle and the propriety of Aames in light of the enactment by Congress of the Periodic Payment Settlement Act of 1982. That amendment to Internal Revenue Code section 104(a)(2) permits the exclusion of damages made by periodic payments, despite the possibility that such payments may include a time-value-of-money component that is arguably the functional equivalent of statutory interest. See 26 U.S.C. Sec. 104(a)(2).
 
 
 6
 After careful study of the record and the opinions of the Tax Court in this case, we conclude that the majority opinion correctly analyzes the legal issues and reaches the proper decision on the narrow question presented. We, therefore, AFFIRM the judgment of the Tax Court on the basis of that opinion and for the reasons stated therein.
 
 
 
 *
 The Honorable Horace W. Gilmore, Senior United States District Court Judge for the Eastern District of Michigan sitting by interchange
 
 
 [1]
 Writing for the majority, Judge Ruwe was joined by 13 of his colleagues, one of whom concurred in the result only. Four members of the Court dissented, but the two dissenting opinions proposed different results