PETTIGREW, J.
Un this case, plaintiff, Susan Orillion, individually and as the administratrix of the succession of Gerald Orillion, appeals from an adverse trial court judgment in favor of defendant, Department of Revenue and Taxation, State of Louisiana (“the Department”), maintaining the assessment by the Louisiana Board of Tax Appeals (“the Board”) against Mrs. Orillion for Louisiana income taxes owed on a personal injury damage award. For the reasons that follow, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
Gerald Orillion suffered brain damage in a serious automobile accident in 1988. In 1992, Mr. Orillion, his wife, Susan, and their minor child, Caleb, were awarded damages totaling $415,000.00. See Orillion v. Carter, 93-1190 (La.App. 1 Cir. *952 6/24/94), 639 So.2d 461, writs denied, 94-2289 (La.11/18/94), 646 So.2d 384 and 94-2272 (La.11/18/94), 650 So.2d 240. In said suit, the trial court assessed 50 percent of the fault against Rennie Carter and his insurer, State Farm Mutual Automobile Insurance Company, and 50 percent of the fault against the State of Louisiana, through the Department of Transportation and Development. The State paid its half of the judgment, with accrued judicial interest, and State Farm paid its $100,000.00 limit and accrued interest. Relying on tax laws current at that time, the Orillions paid no state or federal income taxes on their damage awards. Mr. Orillion died on October 2, 1996, and Mrs. Orillion became the administratrix of his estate.
On November 25, 1996, the Internal Revenue Service (“IRS”) assessed the Or-illions for their 1994-1995 income tax in the amount of $11,595.73 for 1994 and $26,806.43 for 1995. The basis for the assessments was the Orillions’ failure to report the interest on the $415,000.00 judgment as income. Mrs. Orillion paid the federal assessments totaling $38,402.16 on December 20,1996.
On October 24, 1997, the Department assessed the Orillions additional taxes, penalties, and interest of $1,865.07 for 1994 and $3,150.23 for 1995. This was based upon a report from the IRS showing taxes owed by the Orillions.
|3In response to the Department’s assessments, Mrs. Orillion filed an appeal with the Board, which appeal was denied following a hearing. In a judgment signed September 22, 1999, the Board dismissed Mrs. Orillion’s appeal and maintained the Department’s assessments.
Mrs. Orillion subsequently filed a petition with the 19th Judicial District Court seeking review of the Board’s September 22, 1999 judgment. In said petition, Mrs. Orillion prayed for judgment reversing the Board’s opinion and dismissing the Department’s assessments. Mrs. Orillion further asked that La. R.S. 47:290, et seq., be declared unconstitutional. In response, the Department filed an exception raising the objection of no right of action as to that portion of Mrs. Orillion’s petition for judicial review that requested a judgment declaring La. R.S. 47:290, et seq., unconstitutional. On December 17, 2002, the trial court sustained the Department’s exception raising the objection of no right of action and dismissed Mrs. Orillion’s action for declaratory relief.
Thereafter, Mrs. Orillion’s remaining claims proceeded to hearing on November 18, 2004, at which time the matter was argued and submitted. After considering the record evidence and applicable law, the trial court affirmed the Board’s judgment. On November 29, 2004, the trial court signed a judgment in accordance with its findings.
It is from this judgment that Mrs. Oril-lion has appealed, assigning the following specifications of error:
1. The trial court erred in dismissing on an exception raising the objection of no right of action, Appellant’s request for declaratory judgment that R.S. [In Matter of Application of Glagola for Review of Disciplinary Action Taken by the New York Stock Exchange Inc.,] 47 Sec. 290[, 1980 WL 26906 (May 21, 1980)], et seq. adopts the U.S. Revenue Code by reference in violation of the Louisiana Constitution, Article III, Section 15(B).[1]
*953 2. The trial court erred in not holding R.S. 47 Sec. 290, et seq., adopt[s] the United States Revenue Code by reference, in violation of the Louisiana Constitution, Art. Ill, Section 15[ (B) ].
3. The trial court erred in affirming the decision of the Board of Tax Appeals which adopted the case of Brabson v. U.S., 73 F.3rd 1040 (10th Cir. 1966[1996]), ignoring the Louisiana law found in Civil Code Article 2000 requiring that 14payments for late payment of an obligation to pay a sum of money under Civil Code Article 2315 are damages measured by interest, not interest, and therefore not included in taxable income ....
4. The trial court erred in affirming the decision of the Board of Tax Appeals which ignored the fact that interest on obligations of the State of Louisiana are not taxable income under State Revenue laws, R.S. 47 Sec[.] 48.
DISCUSSION
The first legal issue we address involves Mrs. Orillion’s first two assignments of error, wherein she alleges the trial court erred in maintaining the peremptory exception raising the objection of no right of action filed by the Department, depriving her of the right to challenge the constitutionality of La. R.S. 47:290, et seq. For the reasons set forth below, we find the trial court erred in maintaining said exception.
Initially, we must address the Department’s argument that the trial court lacked jurisdiction to consider the constitutional issues raised by Mrs. Orillion. The Department notes as follows: “Since the Board of Tax Appeals does not have the authority to decide the constitutionality of a statute and the 19th Judicial District Court can only review the decisions of the Board, the constitutionality of La. R.S. 47:290, et seq. is not subject to Judicial Review pursuant to La. R.S. 47:1434.”
The substance of La. R.S. 47:1434-36 clearly establishes that a district court’s jurisdiction in judicial review of “decisions or judgments” of the Board is appellate in nature. As set forth in La. R.S. 47:1435, the jurisdiction of the district courts to review decisions of the Board is as follows:
The district courts shall have exclusive jurisdiction to review the decisions or judgments of the board, and the judgment of any such court shall be subject to further appeal, suspensive only, in accordance with law. If a suspensive appeal is taken from a judgment of the district court no further bond need be posted and the bond originally posted remains in full force and effect to guarantee the payment of any tax, interest, and penalty until final decision of the court.
Upon such review, such courts shall have the power to affirm or, if the decision or judgment of the board is not in accordance with law, to modify, or to reverse the decision or judgment of the board, with or without remanding the case for further proceedings as justice may require.
Judicial review of a decision of the Board is rendered upon the record as made before the Board and is limited to facts developed in the record and questions of law. IsThe Board’s findings of fact should be accepted where there is substantial evidence in the record to support *954 them and should not be set aside unless they are manifestly erroneous in view of the evidence on the entire record. Marathon Pipe Line Co. v. Crawford, 2000-2753, p. 5 (La.App. 1 Cir. 2/15/02), 808 So.2d 873, 877, writ denied, 2002-0804 (La.6/7/02), 818 So.2d 774. With regard to questions of law, the judgment of the Board should be affirmed if the Board has correctly applied the law and has adhered to the correct procedural standards. Secretary, Dept. of Revenue v. Calcasieu Refining Co., 2000-1735, p. 6 (La.App. 1 Cir. 9/28/01), 809 So.2d 1023, 1028. Pursuant to La. R.S. 47:1435, district courts are given the power to determine if the decision of the Board is in accordance with law, which necessarily implies whether it complies with or violates the State constitution. Thus, it is our conclusion that the trial court in the instant case, sitting as an appellate court reviewing the Board’s decision, had the power and authority to determine legal issues and/or constitutional issues. We find no merit to the Department’s argument to the contrary.
In Mrs. Orillion’s appeal to the Board, she raised several constitutional issues. Mrs. Orillion alleged that La. R.S. 47:290, et seq., as it purports to adopt Federal laws by reference, is unconstitutional under the provisions of the Louisiana Constitution of 1974 art. 3 § 15(B), which states “A bill enacting, amending, or reviving a law shall set forth completely the provisions of the law enacted, amended, or revived. No system or code of laws shall be adopted by general reference to it.”
At the hearing before the Board, Mrs. Orillion, through her counsel of record, acknowledged that the Board did not have the authority to decide the constitutionality of a statute. See Red River Coors, Inc. v. McNamara, 577 So.2d 187,189 (La.App. 1 Cir.), writ denied, 582 So.2d 1306 (La. 1991). However, Mrs. Orillion reserved her right to litigate the constitutional issues later in a proper forum. Subsequent to the judgment of the Board, Mrs. Oril-lion timely filed a petition for judicial review pursuant to La. R.S. 47:1434 and included in her petition a request that La. R.S. 47:290, et seq., be declared unconstitutional. In response thereto, the Department filed an exception raising the objection of no right of action, which exception was granted by the. trial court by | ¿judgment dated December 17, 2002. On appeal, Mrs. Orillion urges this court to reverse that judgment and consider the constitutional issues.
Generally an action can only be brought by a person having a real and actual interest which he asserts. La.Code Civ. P. art. 681. The objection of no right of action is designed to test whether the plaintiff has a real and actual interest in the action. See La. Code Civ. P. art. 927 A(5). The function of the objection of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit. The objection of no right of action assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation. Vourvoulias v. Movassaghi, 2004-0262, p. 4 (La.App. 1 Cir. 2/11/05), 906 So.2d 461, 464.
Pursuant to La. R.S. 47:1431, a taxpayer aggrieved by an assessment made by the Department has the right to appeal to the Board as follows:
Whenever a taxpayer is aggrieved by an assessment made by the collector, or by the collector’s action or failure to act on a claim for refund or credit of an overpayment, such taxpayer may appeal to the board for a redetermination of the assessment or a determination of the *955 alleged overpayment, by filing a petition with the board within the respective periods set forth in R.S. 47:1565, 47:1566 and 47:1625.
A taxpayer aggrieved by an assessment made by the Department has two remedies available to challenge the assessment. The taxpayer may appeal the assessment to the Board in accordance with La. R.S. 47:1565. Alternatively, a taxpayer may pay the disputed tax under protest and file a lawsuit to recover the tax. La. R.S. 47:1565; La. R.S. 47:1576. L.D. Brinkman & Co. (Texas), Inc. v. Kennedy, 99-0862, p. 4 (La.App. 1 Cir. 5/12/00), 762 So.2d 150,152.
It is clear from a review of the record herein that Mrs. Orillion was an aggrieved taxpayer who timely appealed the Department’s assessment to the Board. Thereafter, Mrs. Orillion sought judicial review in the 19th Judicial District Court of the Board’s decision. Thus, Mrs. Orillion properly preserved her right to litigate the legality of the assessment. Legality includes the constitutionality of the assessment. La. R.S. 47:290, et [7seq., as amended. Accordingly, we conclude the trial court committed legal error below and reverse the court’s judgment maintaining the Department’s exception raising the objection of no right of action.
Having so determined, Mrs. Oril-lion would now have this court consider her constitutional challenge to La. R.S. 47:290, et seq. However, it is well settled in Louisiana law that courts should refrain from reaching or determining the constitutionality of legislation unless, in the context of a particular case, the resolution of this is essential to the decision of the case or controversy. Cat’s Meow, Inc. v. City of New Orleans, Through Dept. of Finance, 98-0601, pp. 16-17 (La.10/20/98), 720 So.2d 1186, 1199. Accordingly, it is proper for us to first determine whether the issues may be disposed of on non-constitutional grounds. Louisiana Municipal Association v. State, 2004-0227, p. 84 (La.1/19/05), 893 So.2d 809, 886. Thus, we will first address Mrs. Orillion’s argument concerning whether prejudgment interest is taxable income.
On appeal, Mrs. Orillion argues that prejudgment interest is excluded from gross income and from taxation by the Department pursuant to La. R.S. 47:46, which provides that gross income does not include “the amounts of any damages received (whether by suit or agreement) on account of personal injuries or sickness.” Louisiana Civil Code article 2000 provides, in pertinent part, as follows:
When the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due, at the rate agreed by the parties or, in the absence of agreement, at the rate of legal interest as fixed by R.S. 9:3500.
Mrs. Orillion argues that these damages for delay arise out of or “on account of’ La. Civ.Code art. 2315. Basically, Mrs. Orillion maintains that without the obligation of Article 2315, Mr. Orillion would not have been paid anything. Moreover, Mrs. Orillion contends the payment was based on a physical injury, and therefore “on account of it.” Therefore, Mrs. Oril-lion asserts that pursuant to La. R.S. 47:46, prejudgment interest is not included in gross income and is not taxable by the Department because of the civilian tradition of Louisiana.
|sTo the contrary, the Department argues that the prejudgment interest received by the Orillions is not excluded from gross income pursuant to La. R.S. 47:46. The Department asserts in brief that “prejudgment interest in a tort lawsuit is awarded to make an injured party *956 whole by compensating that party for the time-value of money to which that party was entitled from the date set by the legislature, but over which the defendant, in retrospect, had wrongfully continued to exercise dominion and control while the suit was pending.” Thus, the Department maintains that the prejudgment interest awarded to the Orillions pursuant to La. R.S. 13:4203 is defined as damages for delay in performance pursuant to Article 2000.
The Department further argues that La. R.S. 47:46 was patterned after 26 U.S.C.A. § 104(a)(2), and that since prejudgment interest is not excludable under the Federal income tax laws, it is not excludable under Louisiana income tax laws. Further, the Department contends that La. R.S. 47:290 was established to conform with the Federal income tax laws. Thus, the Department asserts, La. R.S. 47:46 is superseded by the provisions of La. R.S. 47:290, et seq., because it is inconsistent with or in conflict with those provisions.
The Department concedes that pursuant to Louisiana law, the interest in this case qualifies as damages. Nonetheless, the Department argues the interest is still taxable in Louisiana because these damages were not received “on account of’ personal injury pursuant to La. R.S. 47:46, but rather were awarded for the loss of the use of the money the Orillions were entitled to, and, therefore, pursuant to Chamberlain ex rel. Chamberlain v. U.S., 401 F.3d 335 (5th Cir.2005), Francisco v. U.S., 267 F.3d 303 (3rd Cir.2001), Rozpad v. C.I.R., 154 F.3d 1 (1st Cir.1998), and Brabson v. U.S., 73 F.3d 1040 (10th Cir.1996), cert. denied, 519 U.S. 1039, 117 S.Ct. 607, 136 L.Ed.2d 533 (1996), interpreting 26 U.S.C.A. § 104(a)(2), the interest is taxable income under Louisiana law.
We acknowledge that 26 U.S.C.A. § 104(a)(2), prior to its amendment in 1996, read the same as La. R.S. 47:46. Moreover, it is well settled that where Louisiana conforms its tax code to the Federal tax code, it is proper to follow the Federal | ¡jurisprudence interpreting the identical Federal statutes. See W. Horace Williams Co., Inc. v. Cocreham, 214 La. 520, 38 So.2d 157 (1948). Nonetheless, the issue before us appears to be a res nova issue in that there are no Louisiana cases that address whether prejudgment interest in a tort case is subject to Louisiana income tax laws. As argued by both sides, we must begin our analysis with La. R.S. 47:46, which provides that gross income does not include “the amounts of any damages received (whether by suit or agreement) on account of personal injuries or sickness.” This statute is found in Title 47 (Revenue And Taxation), Subtitle II (Provisions Relating To Taxes Collected And Administered By The Collector Of Revenue), Chapter 1 (Income Tax), Part I (General Provisions), Subpart C (Computation of Net Income).
Louisiana Revised Statutes 47:290 states the public purpose and policy in reference to personal income tax laws of the State of Louisiana. Section A of La. R.S. 47:290 provides as follows:
This Part is intended to conform the Louisiana individual income tax law with the United States Internal Revenue Code, except as otherwise expressly provided, in order to simplify the taxpayer’s filing of returns, reduce the taxpayer’s accounting burden, and facilitate the collection and administration of these taxes. (Emphasis added.)
Louisiana Revised Statutes 47:292 provides:
The provisions of this Part shall supersede the provisions of Part I and Part II of this Chapter to the extent that they are inconsistent or in conflict herewith. The provisions of Part I and *957 Part II of this Chapter shall remain in effect to the extent that they are not inconsistent or in conflict with this Part.
Both La. R.S. 47:290 and 292 are found in Title 47 (Revenue And Taxation), Subtitle II (Provisions Relating To Taxes Collected And Administered By The Collector Of Revenue), Chapter 1 (Income Tax), Part III (Provisions For Individuals).
After reviewing La. R.S. 47:290 through 299, all in Title 47 (Revenue And Taxation), Subtitle II (Provisions Relating To Taxes Collected And Administered By The Collector Of Revenue), Chapter 1 (Income Tax), Part III (Provisions For Individuals), we could find no provision therein that is inconsistent with or in conflict with La. R.S. 47:46. In fact, the provisions of La. R.S. 47:290-299, imply the ratification of or continued |10existence and legal effect of La. R.S. 47:46. In particular, La. R.S. 47:293(6) defines “Tax table income,” in pertinent part, as follows:
(a) “Tax Table Income”, for resident individuals, means adjusted gross income plus interest on obligations of a state or political subdivision thereof, other than Louisiana and its municipalities, title to which obligations vested with the resident individual on or subsequent to January 1,1980, and less:
[[Image here]]
(iii) Income exempt from taxation under the laws of Louisiana or which Louisiana is prohibited from taxing by the constitution or laws of the United States.
[[Image here]]
(b) Interest on obligations of the state of Louisiana, its political subdivisions, public corporations created by them and constituted authorities thereof authorized to issue obligations on their behalf, title to which obligations vested with a resident individual shall be excluded from “tax table income” and is hereby declared exempt from state income taxation.
Thus, La. R.S. 47:293(6)(a)(iii) appears to reaffirm exemptions from taxation under other provisions of Louisiana law, which necessarily includes La. R.S. 47:46. Further, La. R.S. 47:293(6)(b) exempts interest on obligations of the State of Louisiana, which is similar to La. R.S. 47:48, and appears to be reaffirming the general provisions of exempt income under La. R.S. 47:46 and 47:48. Thus, it is our finding that La. R.S. 47:46 is not superseded by or in conflict with the provisions of La. R.S. 47:290-299.
The concept of prejudgment interest was foreign to the common law states of the United States of America under 26 U.S.C.A. § 104(a)(2). The common ' law states did not consider prejudgment interest as part of damages for personal injuries. It was considered á way to compensate the injured victim for the lost time-value of money. Prejudgment interest was rarely available under the common law and never for personal injuries. Brab-son, 73 F.3d at 1046.[2]
|nThe United States Supreme Court has decided three seminal cases interpreting 26 U.S.C.A. § 104(a)(2). Although these cases do not consider the question of whether prejudgment interest is excluded from taxation, they provide the basic legal framework within which this question must be addressed. In the first of these cases, United States v. Burke, 504 U.S. 229, 112 *958 S.Ct. 1867, 119 L.Ed.2d 34 (1992), the Court held that a backpay award received in settlement of a claim brought under Title VII of the Civil Rights Act of 1964 was not excluded from gross income under 26 U.S.C.A. § 104(a)(2). The Court found that, in order for an award of damages to come within 26 U.S.C.A. § 104(a)(2), it must redress a tort like personal injury. Burke, 504 U.S. at 237, 112 S.Ct. at 1872. Applying these general principles to Title VII, the Court found that an award of backpay to compensate plaintiffs for wages properly due and taxable did not redress a tort like personal injury within the meaning of 26 U.S.C.A. § 104(a)(2), and failed to compensate plaintiffs for “any of the other traditional harms associated with personal injury, such as pain and suffering, emotional distress, harm to reputation, or other consequential damages (e.g., a ruined credit rating).” Burke, 504 U.S. at 239, 112 S.Ct. at 1873.
The Supreme Court extended this analysis in C.I.R. v. Schleier, 515 U.S. 323, 115 S.Ct. 2159, 132 L.Ed.2d 294 (1995), holding that an award of backpay and liquidated damages received in settlement of a claim brought under the Age Discrimination in Employment Act of 1967 was not excluded under 26 U.S.C.A. § 104(a)(2). In reaching this conclusion, the Court announced two independent requirements that must be met for an amount to be excluded from taxation under 26 U.S.C.A. § 104(a)(2): “[fjirst, the taxpayer must demonstrate that the underlying cause of action giving rise to the recovery is based upon tort or tort type rights; and second, the taxpayer must show that the damages were received on account of personal injuries or sickness.” C.I.R., 515 U.S. at 337,115 S.Ct. at 2167 (internal quotation marks omitted) (emphasis added). The Court emphasized the independent nature of these two inquiries, noting that “[t]he regulatory requirement that the amount be received in a tort type action is not a substitute for the statutory requirement that the |12amount be received ‘on account of personal injuries or sickness’; it is an additional requirement.” C.I.R., 515 U.S. at 333, 115 S.Ct. at 2166.
In O’Gilvie v. United States, 519 U.S. 79, 117 S.Ct. 452, 136 L.Ed.2d 454 (1996), the Supreme Court applied this test and held that punitive damages received in connection with a wrongful death recovery were not excluded from taxation under 26 U.S.C.A. § 104(a)(2). The Court found that the punitive damages in question satisfied the first prong of the test because they had been received in an “ordinary suit for personal injuries.” O’Gilvie, 519 U.S. at 82, 117 S.Ct. at 454 (internal quotation marks omitted). Moving to the second prong, the Court observed that punitive damages could be excluded from taxation under 26 U.S.C.A. § 104(a)(2) only if they were received “on account of’ the personal injuries. 519 U.S. at 82, 117 S.Ct. 452.
Taken together, Burke, Schleier, and O’Gilvie provide that, to be excluded from taxation under 26 U.S.C.A. § 104(a)(2), an amount must be received in an action seeking recovery for tort or tort type rights, and must constitute damages received “on account of’ personal injury. In addition, O’Gilvie indicates that, in order to constitute damages received “on account of’ personal injury, an amount must be awarded “by reason of’ or “because of’ personal injury, and must compensate a victim for the loss of personal or financial capital.
The issue of whether prejudgment interest was taxable under 26 U.S.C.A. § 104(a)(2) came to the forefront in federal court beginning with an unpublished case arising out of Michigan, entitled Kovacs u C.I.R, 25 F.3d 1048, 1994 WL 253035 (6th Cir.1994), cert. denied, 513 U.S. 963, 115 *959 S.Ct. 424, 130 L.Ed.2d 338 (1994). It was quicMy and subsequently followed by a series of cases that held that prejudgment interest was not excluded from taxation under 26 U.S.C.A. § 104(a)(2). See Chamberlain, 401 F.3d at 343-345, Francisco, 267 F.3d at 310-318, Rozpad, 154 F.3d at 5-7, and Brabson, 73 F.3d at 1042-1047. In all of these cases, in interpreting 26 U.S.C.A. § 104(a)(2), the courts stressed that prejudgment interest historically had not been recognized in the common law as an element of damages and that 26 U.S.C.A. § 104(a)(2) did not exclude | isprejudgment interest from gross income for the purposes of the Internal Revenue Service.
However, in the instant case, we are not called upon to interpret 26 U.S.C.A. § 104(a)(2), an Act passed by Congress; instead, we are called upon to interpret La. R.S. 47:46 and La. R.S. 46:290-299, Louisiana Statutes passed by the Legislature of the State of Louisiana. Just as the Federal Courts interpret 26 U.S.C.A. § 104(a)(2) by looking to the history of prejudgment interest and the common law, we must look to Louisiana’s culture, history, and civil law tradition in interpreting the intent and acts of the Louisiana Legislature in passing La. R.S. 47:46 and 47:290-299.
Unlike the common law states, Louisiana’s civil law tradition has long recognized prejudgment interest as an element of damages arising out of and on account of offenses and quasi offenses under La. Civ.Code art. 2315. In Chamberlain, supra, the United States Fifth Circuit Court of Appeal specifically recognized that unlike some common law states, which view prejudgment interest as serving a punitive function, prejudgment interest in Louisiana is viewed as a form of reparation and is compensatory in nature. Chamberlain, 401 F.3d at 345. See also Trans-Global Alloy, Ltd. v. First National Bank of Jefferson, 583 So.2d 443, 457 (La.1991). Louisiana has a long history under the civil law tradition of recognizing prejudgment interest as reparation damages. Holmes v. Barclay, 4 La.Ann. 64 (La.1849).
Pursuant to La. Civ.Code art. 2315(A), “Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.” As set forth in La. R.S. 9:3500, “interest” is designated as either legal or conventional, with legal interest being fixed at the rate provided in La. R.S. 13:4202. Pursuant to La. R.S. 13:4203, “Legal interest shall attach from date of judicial demand, on all judgments, sounding in damages, ‘ex delicto’, which may be rendered by any of the courts.” Further, La. Civ.Code art. 2000 specifically defines “prejudgment interest” as damages.
Based on our review of the record herein and considering the applicable law, we conclude that under Louisiana law, prejudgment interest is part of personal injury damages and is specifically excluded from gross income. Thus, we find the trial court and |14the Board committed legal error in including the Orillions’ prejudgment interest as taxable income. Accordingly, we pretermit Mrs. Orillion’s remaining assignments of error.
CONCLUSION
For the above and foregoing reasons, we reverse both the decision of the trial court and the Board and remand this case to the Board for a determination as to what portion of the interest reported by the IRS was for prejudgment interest and therefore exempt from taxation under Louisiana law. Appeal costs in the amount of $673.38 are assessed against the Department.
REVERSED AND REMANDED.
*960 KUHN, J., concurs.
GUIDRY, J., concurs and assigns reasons.

. Although neither party raises the issue of whether the trial court’s December 17, 2002 judgment sustaining the Department's exception raising the objection of no right of action is properly before us on review, we note, sua sponte, that said judgment was not a final *953 judgment and thus not appealable at the time it was rendered. See La.Code Civ. P. art. 1915. Accordingly, the legal issues concerning the propriety of Mrs. Orillion’s action for declaratory relief are properly preserved for our review by the timely appeal of the final judgment rendered by the trial court on November 29, 2004.

. In Brabson, the Court noted that 26 U.S.C.A. § 104(a)(2) has remained virtually unchanged from its predecessor, § 213(b)(6) of the Revenue Act of 1918, ch. 18, 40 Stat. 1057, 1066 (1919). Section 213(b)(6) excluded "[a]mounts received ... as compensation for personal injuries or sickness, plus the amount of any damages received whether by suit or agreement on account of such injuries or sickness.” Brabson, 73 F.3d at 1046 n. 6.